IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| APRIL R. BRASHER, RICHARD M. ORENCIA, CHAD O. LEBOW, individually and on behalf of all persons similarly situated as collective representative under and/or as members of the Collective as permitted under the Fair Labor Standards Act, | ) ) ) ) ) ) ) | Case No. 17 CV 3022 |
| Plaintiffs, | ) ) | Judge: Sue E. Myerscough |
| v. | ) ) | |
| QUINCY PROPERTY, LLC, doing business as "Welcome Inn," and WELCOME INN HOTEL MANAGEMENT, INC., and VANDIVER MOTEL, doing business as Welcome Inn Columbia, WELCOME INN COLUMBIA, Jefferson Property, doing business as Extended Stay by Welcome Inn County Line Properties I LLC., doing business as Welcome Inn, AMERICAN MOTELS LLC, doing business as Welcome Inn, B & W INVESTMENT PROPERTIES LLC, doing business as Holiday Apartments, Springfield Welcome Inn, and BRETT BURGE, KENNETH LOGAN, QUENTIN KEARNEY, JOE WIMBERLY, as individuals under FLSA and Illinois Wage Laws, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge:  Tom Schanzle-Haskins |
| Defendants. | ) | |

**DEFENDANT AMERICAN MOTELS, LLC'S MEMORANDUM IN SUPPORT OF FRCP 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; FRCP 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE; AND ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. 1404(A), FRCP 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND FRCP 12(E) MOTION FOR A MORE DEFINITE STATEMENT**

Now Comes Defendant American Motels, LLC, by and through its undersigned counsel from Hinshaw & Culbertson LLP, and in support of their above referenced combined and alternative motions, states as follows:

## I. The Conclusory Allegations Pled in the Second Amended Complaint ("SAC") Are Insufficient to Establish a Cause of Action Against American Motels, LLC

A fair reading of the SAC reveals that Plaintiffs' minimal allegations against American Motels, LLC fail to establish it as a business or enterprise doing business in Illinois or employing Illinois residents. In addition, the SAC does not identify the tasks associated with Plaintiffs' job duties during any specific time spans so as to arguably be covered by federal and Illinois wage and hour laws. Furthermore, the SAC does not even trace a minimally amount of interactions between American Motels, LLC, and any of the Plaintiffs sufficient to support both the pled federal and state wage and hour claims or their retaliation claims.

The absence of such core facts is not addressed by the many unsupported conclusions pled throughout the SAC. For example, Plaintiffs do not provide any details to sustain the pled conclusions that American Motels, LLC does business as Welcome Inn and is a joint employer with the other defendants, one of which is Quincy Property, LLC, that is described as operating a motel in Quincy, Illinois. (ECF #16, ¶¶ 42, 44, 52, 56-59). No publicly recorded documents in Illinois, or payments by American Motels LLC to any Illinois residents, are attached or cited. Furthermore, Plaintiffs do not provide details that suggest that either the facilities where they worked or their job tasks qualify as an "instrumentality of interstate commerce" in order to obtain standing under the Fair Labor Standards Act ("FLSA"). (ECF #16, ¶43). In similar fashion, no specific documents, events, people, or transactions appear in the SAC that bear any connection to American Motels, LLC so as to arguably support the conclusory allegations that American Motels, LLC jointly employed Plaintiffs. (ECF #16, ¶¶45-48, 53-55, 59-60, 62, 64-67).

The Court may take judicial notice that American Motels LLC does not have any filing under its name on the web site of the Illinois Secretary of State, (Ex. 1). The absence of such an

actual filing permits the Court to disregard Plaintiffs' generalized statement that all the Defendants have "listings" on the Illinois Secretary of State website. (ECF #16, ¶69).

The job duty and work hour allegations by Plaintiffs fare no better. Brasher claims that as a housekeeper she had unspecified and varying work hours, allegedly exceeding 40 hours per week. (ECF #16, ¶¶70-80, 85, 87-89, 98, 100-103). In addition to the absence of specifically alleged work hours that qualify for overtime, Brasher does not identify any payment of wages to her by American Motels, LLC. Such omissions impact the viability of the FLSA and Illinois wage and hour claims against American Motels, LLC pled in Counts I and II. For example, Brasher does not specify any interaction that she had with American Motels, LLC throughout the entire course of her pled employment, or state facts that show how her job duties or the facility where she worked qualifies for FLSA coverage. The same absence of pled facts diminishes Brasher's federal and state wage retaliation law claims that never refer to any actual exchange or interaction with American Motels, LLC. (ECF #16, ¶¶195-241, 253-255).

Plaintiff Orencia fares no better and also falls short in identifying what overtime hours he claimed to have worked. (ECF #16, ¶¶142, 144-145, 147-149). Plaintiff Orencia fails to plead details about his the job duties in housekeeping, maintenance, and as an occasional desk clerk, that plausibly suggest that his employment qualifies for FLSA coverage, (ECF #16, ¶¶122-126, 128-129, 136-137). There are absolutely no pled payments, assignments, workplace policies, or communications that Orencia received from American Motels, LLC that plausibly can support the pled legal theories of joint employment and wage and hour law violations.

The third Plaintiff, Lebow, a Missouri resident, never identifies his job title or the workplace assignments, workplace policies, or communications he received from American Motels, LLC. (ECF #16, ¶¶159-165). The absence of such commonly pled workplace

allegations undermines Lebow's pled conclusions that his employment by American Motels, LLC is covered by the FLSA and the Illinois Minimum Wage Law ("IMWL").  (ECF #16, ¶165).  Lebow also fails to supply any facts to support his pled theories of joint employment, (ECF #16, ¶¶45-48, 53-54, 64); nor does he connect his retaliation claim to American Motels, LLC.  (ECF #16, ¶¶258-265).  Finally, the allegations that directly state or imply that Plaintiff Lebow received checks or IRS Form W-2s from American Motels, LLC, doing business as Welcome Inn, are contradicted by his exhibits that do not identify American Motels, LLC as doing business as Welcome Inn.  (ECF # 16, at 14, 54.g., compare with Complaint Ex. 7 at pp. 67-68).  No reference to any d/b/a entity of American Motels, LLC appears in the referenced pay documents. Moreover, Plaintiffs do not identify any publicly filed document wherein American Motels, LLC states it does business in Illinois through a d/b/a entity. Furthermore, Plaintiffs fail to provide grounds to establish that American Motels, LLC did business in Illinois to the extent that permits exercising personal jurisdiction over it.

These same deficiencies highlight the point that any action against American Motels, LLC properly lies with the U.S. District Court, Western District of Missouri, Western Division.  None of Plaintiff's jurisdictional and venue allegations specify any facts to aid the unsupported conclusions that American Motels, LLC either operated in Illinois or is directly involved in any substantial events in the Central District of Illinois allegedly giving rise to the Plaintiffs' wage and hour or retaliation claims. [ECF #16, ¶¶31-48].  Rather, Plaintiffs rely on a series of unsupported conclusions that rely on many non-specific allegations, often made against an unnamed defendant, for their claims that personal jurisdiction over American Motels, LLC exists and that venue is proper. [ECF #16, ¶¶ 42-44, 63, 65-67, 69, 186, 192-193, 197, 211, 226-227, 236, 239, 254].

4

The same series of overly generalized and vague allegations fall far short of pleading a plausible theory of joint employment of Plaintiffs by American Motels, LLC and other hazily referenced defendants, none of whom are detailed as exercising any significant control over the terms and conditions of the employment of Plaintiffs. The pled conclusions of joint employment by Brasher and Orencia do not provide any details that plausibly suggest that American Motels, LLC employed Illinois residents, paid Illinois residents, or held or exercised significant control over the daily terms and conditions of the employment of Brasher, Orencia, or any other Illinois residents. Therefore, the pleadings alternatively support a transfer of venue if the Court denies the Motions to Dismiss based on lack of personal jurisdiction and improper venue made under FRCP 12(b)(2) and 12 (b)(3).

However, if the Court denies the jurisdictional and venue objections of American Motels, LLC, the insufficient allegations of joint employment, work hours, instrumentality of commerce and retaliation also compel dismissing the SCA under FRCP 12(b)(6). Even to the extent Plaintiff Lebow, a Missouri resident working in Missouri, asserts that he has pled a sufficient cause of action against American Motels, LLC, his allegations only underscore that American Motels, LLC is subject to personal jurisdiction in the appropriate federal court in Missouri. Therefore, a dismissal under FRCP 12(b)(6), or ruling requiring a more definite statement from Plaintiffs under FRCP 12(e), remain appropriate remedies to either dismiss the SAC or to cure its deficiencies.

## II. Plaintiffs Fail to Establish Personal Jurisdiction Over American Motels, LLC

Plaintiffs bear the burden of identifying the basis for this court to exercise personal jurisdiction over American Motels LLC. *Kipp v. Ski Enterprise Corp. of Wisconsin,* 783 F. 3rd 695, 697 (7th Cir. 2015); *Purdue Research Found. v. Sanoti-Synthelabo, S.A.,* 338 F. 3rd 773, 782 (7th Cir. 2003). The Court may consider matters outside the pleadings within the context of a

5

FRCP 12(b)(2) motion. *Purdue Research Found.,* 338 F.3d at 782. Nevertheless, the facts Plaintiffs allege do not make out a prima facie case of general personal jurisdiction. *Kipp,* 783 F. 3rd at 699. American Motels, LLC is not "essentially at home" in the forum state of Illinois nor have Plaintiffs alleged any facts that depict American Motels, LLC as purposefully availing itself of the privilege of doing business in Illinois, or that show that it conducted activities within Illinois that generated Plaintiff's alleged injuries. *Zimmerman v. JWCF, LP,* No. 10-cv-7426, 2011 U.S. Dist. LEXIS 110276, at *32 (N.D. Ill. Sept. 28, 2011)("In this case, however, there is simply no evidence from which the Court could conclude that JWCF had any involvement with, let alone exercised "an unusually high degree of" control over, SMC LLC's pay policies at issue in this case.").

Exercising personal jurisdiction over American Motels, LLC is inconsistent with traditional notions of fair play and substantial justice. *Felland v. Clifton,* 682 F. 3rd 665, 673 (7th Cir. 2012). Here, Plaintiffs do not even plead any sporadic phone or email contacts found insufficient in other cases to establish specific personal jurisdiction over a defendant. *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 803 (7th Cir. 2014)("The fact that [defendant] maintains an email list to allow it to shower past customers and other subscribers with company-related emails does not show a relation between the company and Indiana. Such a relation would be entirely fortuitous, depending wholly on activities out of the defendant's control."). American Motels, LLC is a Missouri limited liability company that was created on February 23, 2015, when it filed its Article of Organization with the Missouri Secretary of State. (Group Ex. 2, Articles of Organization; Certificate of Organization; Statement of Change of Registered Agent). Indeed, the uncontested evidence shows that American Motels, LLC does business in Missouri, not in Illinois (Ex. 2) (Ex. 3, Declaration of

6

Manager). While Plaintiffs proclaim in an unnumbered header that American Motels, LLC is interconnected with other defendants, not one allegation identifies any overlapping managers or owners, much less any public filing by American Motels, LLC that states an intent to do business in Illinois, (Ex. 1); nor do Plaintiffs allege how the Missouri operations of American Motels, LLC supposedly impacted any employment action occurring in Illinois. [ECF #16, ¶¶42-69]. In this case, there is not even a single pled connection among any of the Plaintiffs, American Motels, LLC and Illinois that would prove sufficient to establish personal jurisdiction over American Motels, LLC. *Advanced Tactical Ordinance Sys., LLC,* 751 F.3d at 802. ("The Seventh Circuit has made clear that 'the plaintiff cannot be the only link between the defendant and the forum.'")(quoting *Walden v. Fiore,* 134 S.Ct. 1115, 1122 (2014)). In this case, personal jurisdiction is non-existent over American Motels, LLC and compels a dismissal under FRCP 12(b)(2). Finally, the subsequent challenges to the merits of the SAC do not waive the asserted personal jurisdiction defense. *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.,* 694 F.3d 827, 848 (7th Cir. 2012).

### III. Plaintiffs Chose The Wrong Venue in Which to Sue American Motels, LLC

The general venue provisions apply as the Fair Labor Standards Act does not contain a special venue provision. *Bredberg v. Long,* 778 F.2d 1285, 1287 (8th Cir. 1985). Plaintiffs overlook that they have not alleged that the decisions on pay policies that they challenge were made by American Motels, LLC in Illinois. Moreover, American Motels, LLC resides in the greater Kansas City, Missouri area. (Group Ex. 2). The connections between the pled claims and the geographic area where American Motels, LLC resides and operates outweighs the unsupported and conclusory claims of a connection to the Central District of Illinois. None of the allegations in the SAC identify a policy or practice American Motels, LLC specifically formulated and applied in Illinois; nor are any Illinois residents identified as employees paid by

7

American Motels, LLC and directed, managed or supervised on a daily basis by American Motels, LLC. Indeed, the only specifically claimed act of American Motels, LLC paying anyone is with respect to Plaintiff Lebow, who was paid allegedly in Missouri for services he performed in Missouri. The pled allegations before this Court and the public records, of which the Court may take judicial notice, support dismissing the claims pled against this defendant for improper venue under FRCP 12(b)(3). *Bredberg,* 778 F.2d at 1289.

### IV.    American Motels, LLC Alternative Request to Transfer Venue

The same absence of pled actions that American Motels, LLC engaged in any activity in Illinois, and its location of operations in Missouri, support alternatively transferring Plaintiffs' action to the Western District of Missouri. *Andrews v. A.C. Roman Assocs., Inc.,* 914 F.Supp.2d 230, 239-38 (N.D.N.Y. 2012); *Vassallo v. Goodman Networks, Inc.,* Cv. No. 5:14-cv-743-DAE, 2015 U.S. Dist. LEXIS 13675, **6-14 (W.D. Tex. Feb. 5, 2015)(finding good cause to transfer FLSA class action under 28 U.S.C. §1404(a)).

Other than Plaintiffs Brasher and Orencia, whose current residencies remain undisclosed, Plaintiff Lebow and the personnel associated with the management and operations of American Motels, LLC all reside in Missouri. (ECF # 16, ¶¶35-41 & Complaint Exhibits 1 and 7) (Motion Group Exs. 2 & 3). Thus, the majority of relevant witnesses regarding American Motels, LLC reside in Missouri, which also favors transfer of venue. *Andrews,* 914 F.Supp.2d at 238-39; *Vassallo,* 2015 U.S. Dist. LEXIS 13675, at **7-10. Even the pay documents that Plaintiffs attach to the SAC and cite, when referencing movant, reflect their origination in western Missouri.

Plaintiffs simply do not plead that American Motels, LLC formulated any pay policies in Illinois. In the absence of operative events that allegedly occurred in Illinois, transfer of venue is favored. *Id., see also Von Brugger v. Jani-King of Minn., Inc.,* Civ. No. 13-05, 2013 U.S. Dist.

LEXIS 74548, at *8 (D. Minn. May 28, 2013)("For the convenience of parties and witnesses, in the interest of justice, the Court transfers this action to the Northern District of Texas."); *Dacar v. Saybolt LP,* No. 7:10-CV-12-F, 2011 U.S. Dist. LEXIS 6677, at *8 (E.D.N.C. Jan. 24, 2011)("The court finds that transfer to a more geographically centralized forum which also is the location of the defendants, certain identified key witnesses, and probably most of the evidence, best serves the important private and public interest relevant to venue selection."); *Andrews*, 914 F.Supp.2d at 240; *Vassallo,* 2015 U.S. Dist. LEXIS 13675 at **7, 13.  Finally, the inconvenience of having American Motels, LLC's witnesses participate in legal proceedings and possibly attend trial in a jurisdiction over 300 miles away from its operations in another state, when balanced against one of the three plaintiffs also residing in Missouri, and the current residences of Brasher and Orencia remaining unknown, favors transfer.  *Andrews,* 914 F.Supp.2d at 240.

V.  **The SAC Fails to State Wage and Hour Or Retaliation Causes of Action against American Motels, LLC**

　　A.  **The Standard for FRCP 12(b)(6) Motions**

The SAC must contain enough specific facts, that if accepted by the Court as well-pled and true, state claims that are plausible on their face.  *Bell Atl. v. Twombly,* 550 U.S. 544, 555-56 (2007); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 934-35 (7th Cir. 2012); *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663, 668 (7th Cir. 2008).

　　B.  **Plaintiffs Fail to Plead Facts That Qualify for Standing Under the FLSA**

Plaintiffs never provide a scenario that comes close to qualifying for coverage under the FLSA as pled in Count I.  Nothing asserted in Count I traces any events that could plausibly suggest that the localized job duties of Plaintiffs, or the local operations of the facilities where

9

they worked, can be deemed as "engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§206, 207. To satisfy the standards imposed by the FLSA, the Plaintiffs' pled activities must be "so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Mitchell v. Lubin, McGaughy & Assocs.,* 358 U.S. 207, 212 (1959). Not surprisingly, the case law in this area finds that housekeeping and maintenance job duties performed at a motel do not qualify for FLSA enterprise coverage under 29 U.S.C. §203(s)(1)(A). *Sabrino v. Med. Ctr. Visitor's Lodge, Inc.,* 474 F.3d 828, 829-30 (5th Cir. 2007)(explaining that motel employee who acted as janitor, security guard, and driver of motel guests did not qualify for FLSA enterprise coverage)("Sabrino fails to satisfy his burden of showing that he was engaged in interstate commerce, and he therefore is not entitled to the FLSA's protections based on the facts alleged."); *Davis v. Patel,* No. 3:14-cv-764, 2016 U.S. Dist. LEXIS 103303 at **25-26 (M.D.Tenn. Aug. 5, 2016)("Furthermore, the plaintiffs have cited to no case law establishing that a motel is an 'instrumentality of interstate commerce' for purposes of the FLSA, nor have they distinguished cases cited by the defendants that demonstrate that an employee is not covered by the FLSA by sheer dint of working at such a business."). None of the facts Plaintiffs allege address or satisfy the preliminary prong of enterprise coverage under the FLSA. *Compare* 29 U.S.C. §203(s)(1)(A)(i), *with* ECF #16 at ¶43. Dismissal of the FLSA claim pled in Count I for lack of standing or statutory coverage under the FLSA is wholly proper under FRCP 12(b)(6)

  **C. The Allegations of Overtime Work and Joint Employment against American Motels, LLC are Insufficient**

  The SAC also lacks allegations required to establish a claim of joint employment. No specific acts are described as being performed by Plaintiffs Brasher and Orencia so that they

benefited American Motels, LLC in any fashion. In addition, Plaintiffs do not detail any actual supervisory actions that movant supposedly took against them. Plaintiffs Brasher and Orencia do not identify any payments that they received from American Motels, LLC or job duties that were assigned by or performed for American Motels, LLC. Even where Plaintiff Lebow references Missouri pay documents that name American Motels, LLC, he does not identify his claimed job duties, work schedule, or regular hours worked for American Motels, LLC. The total absence of such allegations compel dismissing all federal and state wage law claims pled in Counts I and II pursuant to FRCP 12(b)(6). *Pruell v. Caritas Christi,* 578 F.3d 10, 13-14 (1st Cir. 2012)(explaining that overly generalized and non-specific allegations that paraphrase the statute fail to state a cause of action under the FLSA); *Vargas v. Tommy's Redshots, Inc.,* No. 14-cv-07144, 2015 U.S. Dist. LEXIS 133180, at **3-5 (N.D. Ill. Sept. 30, 2015)("This is little more than a bare bones recital of the elements of FLSA and IMWL claims and does not place Defendants on notice of the allegations they must defend."); *Silver v. Townstone Fin., Inc.,* No. 14-cv-1938, 2015 U.S. Dist. LEXIS 32857, **3-4 (N.D. Ill. March 17, 2015)("The complaint here falls within the category of cases warranting dismissal given its conclusory allegations and dearth of factual support.")(explaining the complaint that alleged that plaintiff regularly worked more than forty hours a week but was not paid an overtime premium for such additional hours was found insufficient to state a claim under the FLSA); *Butler v. East Lake Mgmt. Grp., Inc.,* No. 10-cv-6652, 2012 U.S. Dist. LEXIS 82752 (N.D. Ill. June 11, 2012)(explaining that complaint where plaintiff alleged frequently working in excess of forty hours per week without proper payment for overtime worked on call was too "bare-bones" to state a claim under the FLSA); *Robertson v. Steamgard,* No. 11-cv-8571, 2012 U.S. Dist. LEXIS 51582 (N.D. Ill. April 12, 2012)(explaining that complaint wherein plaintiff stated that he regularly worked more than

forty hours per week was insufficient to state a claim under the FLSA that could survive a motion to dismiss). The absence of the required factual allegations of work hours and jointly exercised control compel dismissing Counts I and II for failing to state causes of action under the FLSA and the IMWL against American Motels, LLC.

There are no alleged facts that even plausibly suggest that American Motels, LLC exhibits the characteristics of exercising any purported shared control over Plaintiffs Brasher and Orencia. There are no pled allegations that even depict American Motels, LLC as controlling or being controlled by any of the other entity defendants. Moreover, Plaintiffs do not even propose that American Motels, LLC held or exercised the authority to change Plaintiffs' work hours or to terminate them. As a result, Plaintiffs only plead the conclusion of joint employment without any supporting facts rendering the multiple citations to 29 CFR 791.2(b) ineffective. *Karr v. Strong Detective Agency, Inc., a Div. of Kane Services,* 787 F.2d 1205, 1207-08 (7th Cir. 1985). Where a legal conclusion of joint employment lacks supporting pled facts, dismissal under FRCP 12(b)(6) is proper. *Frazier v. Dallas/Fort Worth Int'l Airport Bd.,* No. 3:16-cv-2657-M, 2017 U.S. Dist. LEXIS 97859, at **5-6 (N.D. Tex. June 25, 2017)(dismissing amended complaint for failing to plead adequate facts showing employment relationship between plaintiff and contractors for joint employer theory asserted against contractors); *Richardson v. Help at Home, LLC,* No. 17 CV 00060, 2017 U.S. Dist. LEXIS 73334, at *8 (N.D. Ill. May 15, 2017)("Besides the bare allegation that she 'was an employee of Defendants,' [1] ¶5, her complaint is devoid of any allegations to support a theory of joint liability as to Help At Home."). Without any facts needed to sustain the theory of joint employment, the FLSA and Illinois Minimum Wage law claims pled in Counts I and II fail to state a cause of action. The same analysis that identifies the FLSA pleading deficiencies applies to claims made under Illinois wage and hour claims against

American Motels, LLC. *Driver v. AppleIllinois, LLC,* 917 F.Supp.2d 793, 799 (N.D. Ill. 2013); *Haynes v. Tru-Green Corp.*, 154 Ill.App.3d 967, 507 N.E.2d 945, 951 (4th Dist. 1987).

### D. The Retaliation Claims Pled in Counts III through V Rely on Insufficient Allegations of Fact Regarding American Motels, LLC

The same pleading defects that afflict the wage and hour claims appear again in the pled retaliation claims. Nowhere in Counts III through V is there even a single reference to a communication or an event that places a Plaintiff on one side and American Motels, LLC on the other side. Nor do Plaintiffs identify any personnel of American Motels, LLC as persons to whom they voiced their claimed lack of pay complaints or as persons who took adverse employment action against them in response to their alleged pay related complaints. Indeed, not one allegation points to American Motels, LLC as either having knowledge of the Plaintiffs' pay-related complaints, or as possessing or exercising supervisory authority over Plaintiffs so as to adversely affect their employment in any way. The absence of such mandatory core allegations result in Plaintiffs not pleading any facts needed to show a causal connection between any alleged protected activity and any adverse employment action. *Kasten v. Saint Gobain Performance Plastics Corp.,* 703 F.3d 966, 972 (7th Cir. 2012); *Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004) (explaining that Title VII retaliation analysis applies to FLSA retaliation claims).

While Plaintiffs are not required to plead a prima facie retaliation case, they must satisfy the burden of pleading enough facts to state all the elements of their claims. *Twombly,* 550 U.S. at 569-70. The absence of facts that plausibly suggest that American Motels, LLC possessed knowledge of Plaintiffs' pay related complaints compel a dismissal of the SAC. *Bernier v. Morningstar, Inc.,* 495 F.3d 369, 376 (7th Cir. 2007)("an employer cannot retaliate when it is unaware of any complaints."); *Silver*, 2015 U.S. Dist. LEXIS 32857 at *7 ("Even if taken as true,

13

Silver's allegations of causal connection are conclusory and do not contain sufficient factual material to raise a plausible right to relief.").

Once again, the previously discussed dearth of facts needed to support the pled legal conclusion of joint employment reappears in Counts III through V. The same factual vacuum negates the ability of Plaintiffs to adequately plead knowledge on the part of American Motels, LLC. Finally, in Count IV, Plaintiff Brasher also fails to plead adequate facts required to establish the existence of an employment agreement or contract to pay overtime wages in order to state a claim under the Illinois Wage Payment and Collection Act. *Stark v. PPM Am., Inc.,* 354 F.3d 666, 672 (7th Cir. 2004) (rejecting IWPCA claim for bonus pay where the employee "has no employment contract setting out the terms of his bonus."); *Silver,* 2015 U.S. Dist. LEXIS 32857 at \*\*8-9; *Palmer v. Great Dane Trailers*, No. 05 C 1410, 2005 U.S. Dist. LEXIS 12747 (N.D. Ill. June 28, 2005) ("Because GDP did not breach any contractual obligation to pay overtime, no IWPCA claim exists."). Counts III through V should be dismissed under FRCP 12(b)(6).

## VI. American Motels, LLC's Alternative Motion for More Definite Statement

If the Court denies all other motions to dismiss or transfer made by American Motels LLC, an alternative request for a more definite statement is made under FRCP 12(e). Many allegations pled in the SAC do not name the defendant party who supposedly took many actions involving the Plaintiffs. [ECF #16 at paras. 65-67, 81-82, 85, 95, 128-129, 139-140, 146, 186, 192, 193, Prayer for Relief in Count II, 197, 211, 226-227, 236, 239; Prayer for Relief in Count III, 254; Prayers for Relief in Counts IV and V]. American Motels, LLC should not have to guess which defendant party Plaintiffs may be referring to when they fail or refuse to clarify which defendant they are claiming took action with respect to the terms and conditions of their employment. Therefore, if the Court denies all the above motions, the cited paragraphs clearly

14

create a pleading that is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself."  5A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure, Civil 2d, sec. 1376 (1990); see also *Lopez v. Ortiz,* 11 F.Supp.3d 46, 49 (D.P.R. 2014) (discussing the absence from the complaint of allegations that clarify capacity of sued defendants).

**WHEREFORE,** Defendant American Motels LLC requests that the Court grant it the relief sought in its combined and alternative motions to dismiss, transfer venue, or for a more definite statement.

Respectfully submitted,

/s/ Ambrose V. McCall
tluetkemeyer@hinshawlaw.com
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
/s/ Ambrose V. McCall
amccall@hinshawlaw.com
416 Main Street, 6th Floor
Peoria, IL  61602-3126
Telephone:  309-674-1025
Facsimile:  309-674-9328

Attorneys for Defendant AMERICAN MOTELS LLC, doing business as Welcome Inn

300152739v1 0999097

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 24, 2017**, I electronically filed this **DEFENDANT AMERICAN MOTELS LLC'S MEMORANDUM IN SUPPORT OF FRCP 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FRCP 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE AND ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. 1404(A), FRCP 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND FRCP 12(E) MOTION FOR A MORE DEFINITE STATEMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John Craig Ireland
THE LAW OFFICE OF JOHN C. IRELAND
636 Spruce Street
South Elgin, IL  60177
Telephone:  630-464-9675
Fax:  630-206-0889
atty4employees@aol.com
*Attorneys for Plaintiffs*

Kevin W. Doherty
Ryan Andrew Danahey
Samantha Elizabeth Kaplan
DOHERTY & PROGAR LLC
200 West Adams, Suite 2220
Chicago, IL  60606-5231
Telephone:  312-630-9630
Fax:  312-630-9001
kwd@doherty-progar.com
rad@doherty-progar.com
sek@doherty-progar.com
*Attorneys for Defendants Quincy Properties LLC, doing business as Welcome Inn; Brett Burge; Kenneth Logan; Quentin Kearney; and Joe Wimberly*

Nicholas J. Porto, Sr.
PORTO LAW FIRM
1600 Baltimore, Suite 200
Kansas City, MO  64108
Telephone:  816-463-2311
Fax:  816-463-9567
nporto@portolaw.com
*Attorneys for Defendant Welcome Inn Hotel Management, Inc.*

　　　　　　　　　　　　　　　　　　/s/ Ambrose V. McCall
Attorneys for Defendant American Motels LLC, doing business as Welcome Inn
Ambrose V. McCall
HINSHAW & CULBERTSON LLP
416 Main Street, 6th Floor
Peoria, IL  61602