E-FILED
Friday, 08 September, 2017  10:20:22 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| APRIL R. BRASHER, RICHARD M. ORENCIA, CHAD O. LEBOW, individually and on behalf of all persons similarly situated as collective representative under and/or as members of the Collective as permitted under the Fair Labor Standards Act, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 17 CV 3022 |
| v. | ) ) ) | Judge: Sue E. Myerscough |
| QUINCY PROPERTY, LLC, doing business as "Welcome Inn," and WELCOME INN HOTEL MANAGEMENT, INC., and VANDIVER MOTEL, doing business as Welcome Inn Columbia, WELCOME INN COLUMBIA, Jefferson Property, doing business as Extended Stay by Welcome Inn County Line Properties I LLC., doing business as Welcome Inn, AMERICAN MOTELS, LLC, doing business as Welcome Inn, B & W INVESTMENT PROPERTIES LLC, doing business as Holiday Apartments, Springfield Welcome Inn, and BRETT BURGE, KENNETH LOGAN, QUENTIN KEARNEY, JOE WIMBERLY, as individuals under FLSA and Illinois Wage Laws, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge:  Tom Schanzle-Haskins |
| Defendants. | ) | |

## DEFENDANT AMERICAN MOTELS, LLC'S 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FRCP 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE AND ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. 1404(A), FRCP 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND FRCP 12(E) MOTION FOR A MORE DEFINITE STATEMENT

Now Comes AMERICAN MOTELS, LLC, by and through its undersigned counsel,

Hinshaw & Culbertson LLP, and in support of its motion to dismiss the Third Amended

Complaint [ECF #94], based on lack of personal jurisdiction under FRCP 12(b)(2), and based on

improper venue under FRCP 12(b)(3), and its alternative motion to transfer venue made under 28

U.S.C. 1404(a), and its additional motion to dismiss the Third Amended Complaint for failure to

state a claim upon which relief can be granted made under FRCP 12(b)(6), and alternative motion for a more definite statement made under FRCP 12(e), states as follows:

1.    With respect to American Motels, LLC, Plaintiffs have not addressed the problems in the Second Amended Complaint, which resulted in the Motion to Dismiss and the Motion to Transfer filed in July of this year.  With respect to American Motels, LLC, Plaintiffs have done nothing more than add a purported additional legal theory of "Single Employer" to its previously unsupported pled legal conclusion of "Joint Employer," all the while failing to plead any facts that establish an employment relationship between American Motels, LLC and any Illinois residents.

2.    Here are the additional particulars supporting the position of American Motels, LLC.  There are no pled facts in the Third Amended Complaint that establish any grounds for the Court to exercise personal jurisdiction over American Motels, LLC, an entity incorporated in Missouri that is not pled by Plaintiffs as having any motel facilities in Illinois, paying any alleged employees in Illinois, or having committed a specific act in Illinois that qualifies as exercising substantial control over any persons employed in Illinois.  The Plaintiffs never addressed these issues in responding to American Motels, LLC's Motion to Dismiss the Second Amended Complaint, and now the Third Amended Complaint exhibits the same problems. The appropriate remedy relief under FRCP 12(b)(2) is the dismissal of the action pled against American Motels, LLC, for lack of personal jurisdiction.

3.    In addition, American Motels, LLC moves to dismiss the Third Amended Complaint because the pled allegations do not provide a basis for fixing venue against American Motels, LLC in the Central District of Illinois, as required under 28 U.S.C. 1391(a), (b)(1), (2), and (c)(2).  Therefore, the action against American Motels, LLC should be dismissed under

300375256v1 0999097

FRCP 12(b)(3).  Moreover, in response to American Motels, LLC's Motion to Dismiss the Second Amended Complaint for lack of venue under FRCP 12(b)(3), Plaintiffs never provided a substantive response.  Therefore, dismissing the action pled against American Motels, LLC pursuant to FRCP 12(b)(3) is still the appropriate remedy.

4.      In the alternative, pursuant to 28 U.S.C. 1404(a), American Motels, LLC requests transfer of this action to a more appropriate venue, the Western District of Missouri, Western Division, the judicial district and division where American Motels, LLC is located, and where the only one of the named Plaintiffs who has allegedly provided services to American Motels, LLC in Missouri allegedly resides.

5.      Moreover, in response to American Motels, LLC's Alternative Motion to Dismiss for Improper Venue, Plaintiffs previously stated in their response [ECF #90] that they were "willing to agree to a transfer to the Western District of Missouri as demanded by defendants," [ECF #90 at 2], and thereby conceded to an order transferring their case to the Western District of Missouri in their prayer for relief.  [ECF #90 at 4].  As a result of this Motion and the Plaintiffs' subsequent filing, the Court appropriately may transfer the action against American Motels, LLC Western District of Missouri.

6.      If, however, the Court finds a basis to exercise personal jurisdiction over American Motels, LLC, and to maintain venue over Plaintiffs' action against American Motels, LLC in the Central District of Illinois, the Court should dismiss the Third Amended Complaint under FRCP 12(b)(6) for failing to state a claim against American Motels, LLC upon which relief can be granted.  Through their Third Amended Complaint, Plaintiffs have done nothing more than allege conclusions that lack supporting facts required to state a cause of action against American Motels, LLC under the Fair Labor Standards Act.  Plaintiffs have yet to plead

300375256v1 0999097

sufficient facts to support their legal conclusion that their localized employment situations under the enterprise coverage provision of the FLSA provides statutory coverage of alleged employment by America Motels, LLC.  In addition, despite repeated attempts, Plaintiffs still fail to plead sufficient facts regarding their alleged employment situations in connection to American Motels, LLC to an extent that completely undermines their federal and state wage and hour and retaliation claims against American Motels, LLC.  Furthermore, and as indicated above, Plaintiffs have done nothing more than add a purported additional legal theory of "Single Employer" to its previously unsupported pled legal conclusion of "Joint Employer", with no facts supporting those bald conclusions.  Nor do Plaintiffs specify any facts that show they received pay from American Motels, LLC in adequate amounts or had their terms and conditions of employment controlled by American Motels, LLC in any significant way.

7.    The Missouri resident Plaintiff, Lebow, attaches two pay stubs from American Motels, LLC, but he remains incapable of alleging any facts regarding his job assignments, duties, schedules, or interactions with American Motels, LLC management personnel.  The net result is that if the Court finds it necessary to analyze the sufficiency of the pled allegations in the Third Amended Complaint, it will find them wanting and should dismiss the action pled against American Motels, LLC under FRCP 12(b)(6).

8.    In the alternative, if the Court denies all of its other motions, American Motels, LLC asks the Court to enter an order under FRCP 12(e) that requires Plaintiffs to file a more definite statement of their pleading in light of their repeatedly used and overly generalized and non-specific allegations regarding "defendants" in the Third Amended Complaint that fail to identify anyone at American Motels, LLC who allegedly did something involving the Plaintiffs, or to distinguish American Motels, LLC from other defendants.  This is especially appropriate as

4

the Plaintiffs do not seek relief from American Motels, LLC in certain Counts of the Third
Amended Complaint.

9.      A supporting Memorandum accompanies these combined and alternative motions.

WHEREFORE, Defendant AMERICAN MOTELS, LLC asks the Court to:

A.      Dismiss it from this action due to the absence of personal jurisdiction
under FRCP 12(b)(2).

B.      Dismiss the action pled against it based on improper venue under FRCP
12(b)(3).  In the alternative, American Motels, LLC requests a transfer of venue to the
Western District of Missouri, Western Division, pursuant to 28 U.S.C. 1404(a).

C.      If the Court denies the jurisdictional and venue objections of American
Motels, LLC, then it asks the Court to dismiss the Third Amended Complaint for failing
to state a claim under FRCP 12(b)(6).  In the further alternative, American Motels, LLC
asks the Court to require Plaintiffs to file a more definite statement of their pleading
under FRCP 12(e), and that specifically identifies American Motels, LLC in its pleading
rather than using the overly ambiguous and generalized descriptive term "Defendants,"

D.      For all other relief that the Court finds equitable, just, or proper to award
American Motels, LLC based on the circumstances, facts, and governing law.

300375256v1 0999097

Respectfully submitted,


/s/ Ambrose V. McCall
Tom H. Luetkemeyer,
tluetkemeyer@hinshawlaw.com
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001

Ambrose V. McCall, ARDC 6196898
amccall@hinshawlaw.com
416 Main Street, 6th Floor
Peoria, IL  61602
Telephone:  309-674-1025
Facsimile:  309-674-9328

Attorneys for Defendant AMERICAN
MOTELS, LLC, doing business as Welcome
Inn

300375256v1 0999097

## CERTIFICATE OF SERVICE

I hereby certify that on **September 8, 2017**, I electronically filed this **DEFENDANT AMERICAN MOTELS, LLC'S FRCP 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FRCP 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE AND ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. 1404(A), FRCP 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND FRCP 12(E) MOTION FOR A MORE DEFINITE STATEMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John Craig Ireland
THE LAW OFFICE OF JOHN C. IRELAND
636 Spruce Street
South Elgin, IL 60177
Telephone: 630-464-9675
Fax: 630-206-0889
atty4employees@aol.com
*Attorneys for Plaintiffs*

Kevin W. Doherty
Ryan Andrew Danahey
Samantha Elizabeth Kaplan
DOHERTY & PROGAR LLC
200 West Adams, Suite 2220
Chicago, IL 60606-5231
Telephone: 312-630-9630
Fax: 312-630-9001
kwd@doherty-progar.com
rad@doherty-progar.com
sek@doherty-progar.com
*Attorneys for Defendants Quincy Properties LLC, doing business as Welcome Inn; Brett Burge; Kenneth Logan; Quentin Kearney; and Joe Wimberly*

Nicholas J. Porto, Sr.
PORTO LAW FIRM
1600 Baltimore, Suite 200
Kansas City, MO 64108
Telephone: 816-463-2311
Fax: 816-463-9567
nporto@portolaw.com
*Attorneys for Defendant Welcome Inn Hotel Management, Inc.*

/s/ Ambrose V. McCall
Attorneys for Defendant American Motels LLC, doing business as Welcome Inn
Ambrose V. McCall
HINSHAW & CULBERTSON LLP
416 Main Street, 6th Floor
Peoria, IL 61602

300375256v1 0999097