IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION – ADAMS COUNTY

| | |
|---|---|
| **April Brashier et al** | ) |
| **Plaintiffs** | ) The Honorable Judge Sue E. Myerscough |
| | ) |
| **V.** | )**Magistrate Judge** |
| **Quincy Property, LLC, doing business as Welcome Inn" et al.** | )**The Honorable Tom Schanzle-Haskins** |
| | )Case # 17 CV 3022 |

**PLAINTIFFS' RESPONSE TO DEFENDANT AMERICAN MOTELS, LLC., MOTIONS TO DISMISS, MOTION TO CHANGE VENUE AND FOR MORE DEFINITIVE STATEMENT**

NOW COMES the Plaintiffs, APRIL R. BRASHER, RICHARD M. ORENCIA and CHAD O. LEBOW individually and on behalf of all others similarly situated, as collective representatives, by and through their undersigned counsel of record and Responds to the Defendant American Motels Motions to Dismiss, change of Venue and for More Definitive Statement (Docket Document # 98-99), and in so doing states the following:

**SUMMARY RESPONSE**

In summary, the Plaintiffs find nearly all of Defendant's American Motels (AM) arguments invalid, some of the Defendant's claims are clear misrepresentations[1], and many are argued via willful blindness to the detailed pled facts while still other parts of the 12B6 Motion contain falsehoods as to what is and is not found in the pleadings.

Defendant AM's false filings are the result of AM ignoring clear and repeated facts found throughout the Plaintiffs' pleadings. For example AM repeatedly claims there is no FLSA jurisdictional facts, but Defendant fails to reference or even mention the substantial facts showing Defendants sales of items of commerce. (See Plaintiffs' Third Amended Complaint and attached Exhibits; ¶¶ 71-100, Exs. 12 and 19). Defendant also ignores that Plaintiff plead as an

---

[1] Plaintiffs' Complaint is exceptionally detailed, packed with factual information and attached Defendant AM own business records to demonstrate that Defendant AM is sufficiently plead as a Defendant.

1

alternative for Jurisdiction, that Defendant AM has sales of more than $500,000. (¶¶ 65-67). Defendant's "head-in-the-sand" argument that "no jurisdictional facts are pled" is improper and ethically questionable at best and Sanctionable at worse. (as Defendant filed a false document).

On Venue and Jurisdiction in Illinois, while Plaintiffs believe Venue is proper in Illinois and Jurisdiction could be established over AM based on the Joint employer and/or Single Employer theories; Plaintiffs' are willing to agree to a transfer to the Western District Court of Missouri as demanded by Defendants, again to conserve Judicial Resources. While Defendant asks for dismissal[2], 28 USCA Section 1406(a) states that transfer should be done "in the interest of justice", rather than dismissal. Here the interest of justice should allow for transfer, as Plaintiffs claims are clearly meritorious and justice is served in insuring low wage employees are paid properly and in accordance with the FLSA

## SUMMARY OF MOTION AND MEMO

Defendant's AM's Motion (Docket Document #98) and AM's Memorandum of Support (Docket Document #99; hereinafter "Memo") are a series of rambling circular arguments detached from the reality of the filed complaint. For example, AM repeatedly claims that there is no jurisdictional facts (Memo pgs. 3-4, 6-8, and 10-11) when Plaintiff has plead both types of jurisdiction for FLSA coverage in great detail. (¶¶ 43-100) and supported with Defendants own business records (Exs. 12 and 19).

The reality is that the Plaintiff has filed a highly detailed and lengthy complaint (based on complexity of the claims, Defendants repeated demands via 12B6 Motions and Defendants' own requests for Amendment (on two occasions)). In Plaintiffs' counsel's experience an average

---

[2] However Plaintiffs' point out that such a move will increase Plaintiffs' costs and fees substantially, but as Defendants demand created that move, thus Defendants will be responsible for the increased fees/costs when and if a fee petition is allowed.

FLSA complaint is 3-5 pages long, citing facts in general nature, in contrast Plaintiffs have filed a long complaint, (largely due to the complex claims of misclassification and/or Defendants demands), in which the facts supporting the claims are described in great detail.

Given the rambling nature of the Motion and Memo Plaintiffs' counsel struggles to respond to the shot-gun blast of circular arguments found in the Defendant's 23 pages. Plaintiff asks the court to allow for further Response or Amendment should one or more arguments be unanswered, as the Defendant's memo appears to be designed to cause Plaintiff miss the arguments, rather than simply stating them and allowing for decision by direct argument.

Plaintiff will begin with an organized response by subject, then Plaintiffs' will attempt to respond to the specific complaints.

**Summary**

Defendant's circular arguments repeat on broad issues as follows:

1) False claims of "no Jurisdictional Pleadings" (Memo 3-4, 6-8, 10-11)
2) Claims of insufficient Single Employer pleadings (Memo 3, 5, 6)
3) Claims of insufficient Joint Employer Pleadings (Memo 3, 5, 6, 11, 13-14)

Plaintiffs' respond to each of these multiple page argument in summary as follows:

**JURISDICTION**

For the FLSA to be applicable the employee must show either: (1) "individual" coverage, meaning that she is "engaged in commerce or in the production of goods for commerce," or (2), "enterprise" coverage, meaning that she is "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. 5 207(a)(1): see **Tony & Susan Alamo Found, v. Secretary of Labor.** 471 U.S. 290 at 295, 105 S. Ct. 1953. 85 L. Ed. 2d 278 (1985) ("Employment may be covered under the Act pursuant to either 'individual' or 'enterprise' coverage.").

3

Thus there are TWO methods of establishing FLSA Jurisdiction: 1) Individual or 2) Enterprise. Plaintiff plead both types of jurisdiction and in detail. (For Individual see ¶¶ 71-100 and for Enterprise see ¶¶ 48-70).(See also Exs. 14 and 19)

### Individual

Under "individual" coverage, an individual is covered by the FLSA if he or she has either "engaged in commerce or in the production of goods for commerce." 29 U.S.C.§ 207(a)(1). **Divins v. Hazeltine Electronics Corp.**, 163 F.2d 100 at 101 (2d. Cir. 1947)(quoting **Walling v. Jacksonville Paper Co.,** 317 U.S. 564 (1943)). In other words, the work must be related to the movement of persons or things (including intangibles such as information and intelligence) between states. 29 C.F.R. § 779.103; *see* **Kaurv. Royal Arcadia Palace, Inc.**, 643 F. Supp. 2d 276 at 292 (E.D.N.Y. 2007). Very little is needed to qualify as "engaged in commerce." For example, a court found an employee who received 11-23 monthly shipments from across state lines was engaged in commerce, despite spending only 30 minutes per week on them. **Wirtz v. Durham Sandwich Co.,** 367 F.2d 810 at 811 (4th Cir. 1966).

Here, Plaintiffs have pled more than sufficient facts to support Individual Jurisdiction. Plaintiffs' have pled that they sold items from retail stores in each of the Defendants locations for the Defendants and to the ultimate consumer. (¶¶ 71-95). Plaintiffs have supported that fact via photographs of these actual stores selling retail items to consumers taken from the Defendants' own websites and lists of retail items taken from Defendants own handbook. (¶¶ 78-79; Exs. 12 and 19). Despite these highly detailed facts, Defendant AM has filed a false claim with this court claiming Plaintiffs have not pled jurisdiction. (Memo 3-4, 6-8, 10-11)

District Courts in this District have applied coverage to include mere "use of items" that moved in Commerce. "It is clear that the legislative history demonstrates that Congress intended to extend the coverage of the FLSA to companies that use products that have moved

4

in interstate commerce". **Radulescu v. Moldowan**, 845 F. Supp. 1260 at 1264 (N.D. Ill. 1994). In **Radulescu** the court cited to use of laundry soap by a maintenance worker, similar to cleaning products being used by maids, as a Jurisdictional Coverage fact taken directly from the Congressional Record (Id citing Senate Report No. 93-690).

Chief Judge Moran continues:

> "Since 1974, courts facing the issue presented here have unanimously come to the same conclusion: local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce. **Dole v. Odd Fellows Home Endowment** Board, 912 F.2d 689, 695 (4th Cir.1990); **Donovan v. Pointon**, 717 F.2d 1320, 1322-23 (10th Cir. 1983); **Marshall v. Brunner,** 668 F.2d 748, 752 (3rd Cir.1982); **Donovan v. Scoles**, 652 F.2d 16 (9th Cir.1981), cert. denied, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982); **Dole v. Bishop,** 740 F.Supp. 1221, 1225 (S.D.Miss.1990); **Conway v. Takoma Park Volunteer Fire Dept.,** 666 F.Supp. 786, 791 (D.Md.1987); **Marshall v. Davis,** 526 F.Supp. 325, 328 (M.D.Tenn.1981); Marshall v. Baker, 500 F.Supp. 145, 151 (N.D.N.Y.1980); **Marshall v. Whitehead,** 463 F.Supp. 1329, 1336-38 (M.D.Fla.1978)."

In another example, a local cleaning company was an enterprise because its "maids handled goods that traveled in interstate commerce," such as "cleaning products not manufactured in Illinois." **Harris v. Skokie Maid & Cleaning**., 2013 WL 3506149, at *5 (N.D. Ill. July 11, 2013). Here Plaintiffs have alleged use of items from the Commerce. (¶¶ 96-100).

The employees also may be engaged in interstate commerce if they are involved in distributing or selling goods upstream - that is, *before the goods reach the ultimate consume*r. **Johnston v. Spacefone Corp**., 706 F.2d 1178 at 1182-1184 (11th Cir. 1983); **Kelley v. Stevens Auto Sales**, 2009 WL 2762765 (N.D. Ind. 2009). Again here Plaintiffs have clearly and in detail pled that they sold goods TO the consumer: IE: AM purchases items from Sam's Club (¶ 95), and brought them to the Defendants' retail stores (Id), stocked the stores and SOLD them to the ultimate consumer, (generally guests of the Motel). (¶¶ 71-93).

Plaintiffs filed detailed descriptions of AM's participation in Commerce, AM sells items from and to the stream of commerce, and attached proof as Exhibits. (¶ 71-96; Exs 12 and 19). 1) sales of items in Commerce (¶ 74- 95) 2) use of items in Commerce as part of Lebows security duties (¶ 96, 100), and 3) placing ads on "Craigslist" and creating marketing materials, (¶ 104, 111, 245),  Lebow also sold items in Commerce and placed ads on Craigs list (¶ 245-250)  Yet AM wastes the time of this court by pretending such pleadings do not exist.

<strong>Enterprise</strong>

Plaintiffs also have pled, as a clear alternative, jurisdiction via Enterprise coverage. (See ¶¶48-70). An "enterprise" refers to the related activities performed by any persons for a common business purpose. 29 U.S.C. S 203(0)(1). An "enterprise" must have an annual gross volume of sales made or business done of not less than $500,000. <u>29 US C 6 203(s)(i)fA)(n)</u>. **<u>Richardson v. Help at Home, LLC</u>**, 2017 U.S. Dist. LEXIS 73334 *5-6 (ND Ill. 2017)

Here Plaintiffs plead that Defendants have more than $500,000 in sales, (¶¶ 48-70) thus the Motion by AM is based on the false claim that no such pleading are filed by Plaintiffs. Thus Defendant Motion should be Denied.

Plaintiffs original complaint plead this in a general manner (See Docket Document #1), Plaintiffs' subsequent complaints repeated that pleading. (Docket Document #4 and 16). In Defendant AM's first 12B6 motion Defendants ignored this pleading, leading Plaintiff to provide in the Third Amended Complaint extensive pleadings that sales by ALL Defendants (including AM) were in excess of $500,000.00, thus Enterprise Coverage was properly pled and Defendant AM clearly was on Notice via the repeated pleadings and increased jurisdiction facts.

Defendants also flippantly claim that Plaintiffs confuse Enterprise Coverage with employment relationship, (Memo 11). This undeveloped argument should be ignored. However,

Plaintiff disagrees with the implication that facts can not be co-supportive. Facts which support the Enterprise coverage can also easily support employment relationship. A pled fact for enterprise coverage, such as fact that Plaintiff sold items in retail (¶ 94-95) also show Plaintiffs' work duties for AM ie: employment..

Further the Defendants appear to be splitting hairs, demanding jurisdictional facts employee by employee, this is improper also "*all* of the employer's employees are covered under [FLSA] as long as at least *some* handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce." **Jones v. E. Brooklyn Security Services Corp.,** No. 11-CV-1021, 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (quoting 29 U.S.C. § 203(s)(1)(A)). Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, *354 120 (E.D.N.Y.2011). Enterprise coverage "applies so long as some of the employees wear uniforms or use items such as radios, books, flashlights, clipboards, brooms, bags, and cleaning supplies that have moved in interstate commerce." **Archie v. Grand Cent. P'ship,** 997 F.Supp. 504, 531-32 (S.D.N.Y.1998) (listing cases)).

### JURISDICTION TO BE BROADLY APPLIED IN FLSA

As with most FLSA coverage questions, courts are very careful about exempting employees, and the Supreme Court has held that courts should assume that federal law was intended to apply to the farthest reaches of interstate commerce. **Walling v. Jacksonville Paper Co.,** 317 U.S. 564 (1943). See also **Atlantic Coast Line R. Co. v. Standard Oil Co. of Kentucky,** 275 U.S. 257 (1927); P**roject Hope v. M/VIBN SINA**, 250 F.3d 67 (2d Cir. 2001).

The 1961 amendments to the FLSA added "enterprise" coverage to the FLSA in Sections 203(r) and 203(s), significantly broadening the number of employees covered by the FLSA. Under "enterprise" liability, the employee does not need to be directly involved in an activity that affects

7

interstate commerce. **Wirtz v. First National Bank & Trust Co**., 365 F.2d 641 at 644-645 (10th Cir. 1966); **Archie v. Grand Central Partnership, Inc.,** 997 F. Supp. 504 at 528-530 (S.D.N.Y. Sotomayor 1998)(citng **Radulescu v. Moldowan**, 845 F. Supp. 1260 (N.D. III. 1994))

### Single Enterprise/ Single Employer

Defendant also repeatedly claims that there is insufficient facts to establish the Plaintiff's legal theory of Single Enterprise. (Memo 3, 5, 6). This claim is also wrong.

To qualify as an employee for purposes of the FLSA, one must perform "work" for an "employer." **Berger v. National Collegiate Athletic Ass'n.** 843 F.3d 285 at 290 (7th Cir. 2016) (citing 29 U.S.C. 55 203(e)(1). 2_Q3(o)). Here Plaintiff Lebow alleged that he performed work for ALL Defendants (¶¶ 92, 95, 126, 137-138) including AM. (¶ 95-96, 100, 104, 111).

Under the FLSA, the plaintiff bears the burden of establishing that she performed work for an employer and is therefore entitled to compensation. **Berger v. National Collegiate Athletic Ass'n.** 843 F.3d 285.at 290 (7th Cir. 2016). To survive a motion to dismiss, an FLSA plaintiff must allege facts, taken as true, establishing that she was an employee and performed work for the defendants. **Id.** Again Plaintiff Lebow has done that, Plaintiff Lebow alleged that he performed work for ALL Defendants (¶¶ 92, 95, 126, 137-138) including AM. (¶¶ 95-96, 100, 104, 111, Exs. 14-15). Further the Single Employer/Enterprise Allegations are not insufficient, rather are extensive, detailed and supported by Defendants' business records. (¶¶ 101-138, 245-250, Ex 13-17, 20)

### JOINT EMPLOYER

Defendant also claims of insufficient Joint Employer Pleadings (Memo 3, 5, 6, 11, 13-14). This is also incorrect. The test for joint employer liability is to look at all facts surrounding the defendant's supervision or the employee and determine whether the defendant exercised

control and authority over the employee in a manner that caused the FLSA violation (at least in part). **Schneider v. Cornerstone Pints. Inc**.. 148 F.Supp.3d 690 at 698 (N.D. III. 2015).

Here Plaintiff Lebow has pled that he was under the supervision, control and authority of ALL Defendants, (¶¶74, 92, 95-96, 100, 104, 126, 137-138, 245-254) including Defendant AM. (¶¶ 95-96, 100, 104, 111, Exs. 14-15). Thus Plaintiff Lebow[3] has alleged far more than what is required under the Notice Pleadings standard for Federal Court. Thus Plaintiffs ask that Defendant AM's Motion be Denied.

**SECTION II – AM's Claims of "Conclusory allegations" are absurd**

AM's first substantial section of its Memo claims that the Plaintiffs' 64 page Complaint, containing 366 paragraphs with 20 attached exhibits is, somehow, "conclusory". This claim is absurd. Plaintiffs have pled in high degree of detail facts not only to support the claims but sufficient facts to win portions of the case (such as insufficient wages paid under Exemption rules).

AM next makes a claim that Plaintiffs' provide no "details" that AM is a Single Employer and/or Joint Employer, (Memo 3). AM then claims (without citation) that the Complaint facts as to Joint/Single Employer are mere "legal conclusions" (Memo 3), this is further absurdity, Plaintiffs complaint contains plenary support for both. The Plaintiffs' pleadings on the subject begin at paragraph 101 and end at paragraph 138.

In those 37 paragraphs Plaintiffs allege specific facts including the following:

> - That Plaintiff Lebow was paid by ALL Defendants including Defendant AM. (See ¶105 a-h and Complaint Exhibits 2-9).
> - That Lebow performed work for ALL Defendants, including AM, by placing ads on Craigslist and creating marketing materials. (¶104, 111, 126, 245, 247).
> - That all Defendants are in the same business (¶ 113).

---

[3] The other Plaintiffs did not pled under this theory. (¶ 103)

- That Defendants "share employees' services, in that both corporations operate under the same management and facilities, and employees for one corporation does work for and by direction of the other corporations" (¶ 117).
- That orders by Managers cite multiple Defendants including AM (¶ 118).
- That AM's Handbook cites ALL Defendants (including AM), (¶ 119).
- That Defendants own filings support this as individual Defendant Logan testified he managed multiple Defendants (¶ 119-122).
- That managers manage more than one location (¶ 123).
- That payment of bills from one to another Defendant occur regularly (¶ 127).
- That employees work at multiple Defendant locations (¶¶ 128-129).
- That Defendant use of a single mailing address for all Defendants (¶ 130).
- That Defendants use of a single software system (¶ 132).
- that the Handbook includes a screen shot of the shared system (¶ 133 and Ex. 17),
- That the shared system was used by ALL Defendants including AM (¶ 134).
- That Defendant use a common website, for marketing (¶ 135).
- That a shared website has links to all Defendants (including AM, though the name on the web-site is not American rather is 'Welcome Inn"). (¶ 135 and Ex. 13).
- That Plaintiff Lebow's shared job duties included that he received instructions from ALL Defendants (including AM). (¶ 136 and Ex 14).
- That the shared work is proven by Lebow's attached work product (¶ 136 Ex. 15)
- and Lebow sold items in Commerce and placed ads on Craig's list (¶¶ 245-250)

Despite these extensive pleadings, Defendant AM pretends these highly specific facts do not exist. Such willful blindness is an ethical lapse by Defendants, as they have a duty to read and object to the lack of facts, not ignore facts.

Next AM circles back claims that Lebow's pleading lack "job duties". Again this is a deception. Plaintiff Lebow's job duties are explicitly and exactly detailed and include: 1) sales of items in Commerce (¶¶ 74-95) 2) use of items in Commerce as part of Lebow's security duties (¶¶ 96, 100), and 3) placing ads on "Craigslist" and creating marketing materials, (¶¶ 104, 111, 245-250; Ex 14), 4) that Lebow tracked the activity for all Defendants on a form called a "Craigslist Tracker" which listed activity for all Defendants. (¶ 138 and Exhibit 15).

AM next claims that he never identifies "job title, ..assignments,.. policies, communication" he received from AM. This is also false, as Plaintiff repeatedly stated that he

10

received orders and communications from ALL Defendants including AM. (¶¶ 104, 126, 137-138 245; Exs 14-15,).[4]

AM next complains of the lack of Lebow's "job title", (Memo 4) but cites no case which holds the lack of a Job Title is dispositive. In contrast Plaintiff cites to the DOL regulations, which specifically state that that titles are of little import in determination of exempt status. See US DOL Regulations section 541.2

In the same breathless sentence AM complains cryptically "….any details about any recurring specifics beyond his assertion of having a 40 hour work week for which he claims he was compensated on a salaried basis" (Memo 4). Frankly Plaintiffs' counsel is not even sure what the complaint is as the sentence is rife with fluff, but fails to state what the problem is.  As best counsel can determine Defendant AM wants a minute-by-minute description of Lebow's work day. Again this is NOT fact pleading court, Plaintiff Lebow described his work duties, but does not have to plead that on "day one, minute one of my work day I performed this task….". Such demands are inconsistent with Notice Pleadings.

Next AM's mire of complaints swirls to Lebow's retaliation claim. (Memo 4), ignoring yet again that the joint and/or single employer theories means that a retaliation by one is retaliation by all. The next sentence whirls to the paychecks issued by Defendants falsely claiming that American Motels LLC., checks were not issued by American Motels LLC (see Memo. 4 and Ex. 7) and Defendant then cites the wrong Exhibits (citing 19-20 and non-existent exhibit 30) and the wrong d/b/a (AM is d/b/a "Welcome Inn", see any case caption). Thus again Defendant's 12B6 motion should be denied, as it is not based on the real pleadings.

---

[4] While Defendant want Plaintiff to provide some type of written orders only in AM's name, Defendants created an group of companies specifically to hide their illegal actions and to argue that there is no direct communication, thus if there is a fact-pleading requirement for such communication this would be encourage this Defendant and others to hide behind a spider-web of entities, rather than operating as Defendants should as a good corporate citizen.

**VI B – Standing**

On Page 10 AM switches to re-argue Jurisdiction yet again, this time claiming that Plaintiffs have "no standing" to bring claims under FLSA (Memo 10-11). Defendant supports this vague claim with a string of cases. Defendant's error here is that the cited cases, nearly all of them are out of this District Court/Circuit Court (5th Cir., DC Tenn., ED NY, and 11th Cir). Second and more importantly most of the cases are Summary Judgment Decisions, which are not comparable, as those cases had full discovery or at least Jurisdictional Discovery.

**Sobrinio v. Medical Center Vistor's Lodge**, 474 F.3d 828 and **Davis V. Patel** 2016 LEXIS 103303, are clearly Summary Judgment decisions. While **Patel v Wargo** 803 F.2d 632 also appears to be a Summary Judgment decision (though the holding is not entirely clear). Lastly, **Siemieniewicz v. CAZ** 2012 US LEXIS 152379 merely held that conclusory allegations are insufficient, here Plaintiffs' FLSA Coverage pleadings are not conclusory. (see above)

**C. OVERTIME /JOINT EMPLOYMENT**

Defendant AM next focuses on the Plaintiff's "Brashier, Randall and Orencia". (Memo 11). Firstly Plaintiffs are unsure who Plaintiff "Randall" is. Plaintiffs' cited Randall as a similarly situated employee, (¶¶14-20) but as of yet he is not a Plaintiff nor filed a FLSA Consent. (see Docket).

On page 13 of the Memo Defendant AM oddly claims that Plaintiffs plead a "joint employment". (13), this is peculiar as Plaintiffs Brashier and Orencia specifically and explicitly plead that they were NOT pleading joint employment.

> 103. Plaintiffs' Brashier and Orencia were employed by Defendant Quincy Property, and **withdraw the claim of joint-employment by the other corporate Defendants,** but maintain that the web of Defendants operate as a "Single Employer" for purposes of FLSA coverage and/or FLSA notice and maintain that the individual Defendants are employers of Plaintiffs under FLSA and IWPCA.  (emphasis added)

Thus AM's Motion claiming that Plaintiffs were pleading joint employment (Memo 11-13), shows a lack of complete review of the Pleadings.

On page 12 Defendant asks for dismissal from Count I of the Complaint claiming falsely that there are a "total absence of such allegations…". Again this is absurd, Defendant is ignoring that Count I incorporates into it the entirety of the Complaint. (¶ 277), thus Count I is full of supporting facts too many to mention. (see Plaintiffs' Third Amended Complaint ¶¶ 1-377, Exs. 1-20). At a minimum Plaintiff Lebow was paid by American Motels, LLC., (Ex. 7), clearly performed work for American (listed as BS Welcome Inn) (Ex.15) and received written instruction from American (Ex. 14). And FLSA Jurisdiction was pled in spades. (For Individual see ¶¶ 71-100 and for Enterprise see ¶¶ 48-70). Defendant then returns to Plaintiffs' Brashier and Orencia claiming lack of control (Memo 12) and again misrepresenting that Plaintiffs Brashier and Orencia pled joint employment (Memo 13), again Defendant ignores the detailed single employer pleadings.(¶¶101-138,245-250, Ex 13-17,20) and misrepresents the pled theory (¶ 103)

### Defendant Section D. – Lebow retaliation

Next AM switches back to the retaliation count by Lebow. (Memo 13-14) Defendant AM bemoans that Plaintiff is not isolated "on one side" while Defendant AM is on "the other". (Memo 13). This is an odd complaint, that somehow, Lebow is somehow supposed to force from AM a statement that the retaliation is *only* by AM. Such demands by AM are an incongruity given the Mulligans stew of interwoven Defendants.

In more direct response AM also claimed that there is lack of pleadings as to duties and communications by AM. (Memo 13). Firstly, Plaintiff Lebow pled that the Defendants were/are a Mulligans-stew and that all the Defendants communicated to him. (¶ 137). Lebow even

specially pled that the communications were from ALL Defendants and that this was demonstrated by instruction sheet from ALL Defendants (See Ex. 14) and demonstration of duties for all. (Ex 15). Yet Defendant AM claims no such pleading. Lastly Plaintiff's duties were described in at least 37 paragraphs (¶ 104-126 245, 247) Lebow also sold items in Commerce and placed ads on Craig's list (¶ 245-250).

Defendant also claims that the pleadings lack facts as to "knowledge of complaint", this is also wrong. Lebow plead that he complained about failure to pay overtime, (¶¶ 360-361), and he received retaliation (¶ 363). Plaintiff specifically named ALL Defendants, both as to knowledge, and effect. (¶ 366)

Defendants also read Count V in complete isolation, (Memo 14), arguing that there is no joint employment allegations, (Memo 14), this argument again ignores the incorporation provision (¶ 357), which means all the above facts are found in Count V. AM pretends this common legal pleading does not exist and demands the entire complaint be added into Count V.

## ARGUMENT ON MOTION FOR MORE DEFINED STATEMENT

Defendant closes on page 15 by claiming again that it is baffled by the pleadings asking for a more defined statement. (Memo 14). This request is also frivolous. As stated, the complaint is detailed, long, full of information fact and theories, Plaintiff attached 20 exhibits. If Defendant is unable to understand the claims, Defendant fails to explain what is lacking.

Defendant again repeats that the Complaint does not "name the party", this argument is based only on the Defendants failure to read the word "Defendants" to include themselves. Defendants appear to demand that every fact, (all 336 of them) be plead separately for each Defendant, thus each fact would include a separate paragraph for all 11 Defendants, thus 336 facts X 11 = 4,026 facts.

AM also claims that "it should not have to guess" who is referred to, and Defendant does not have to do so, if the word "Defendants" appears, that includes AM.

Courts have considered 12(e) Motions narrowly and with disfavor. **_Vician v. Wells Fargo Home Mortg._**, No. 2:05-CV-144, 2006 WL 694740, at *9 (N.D. Ind. Mar. 16, 2006) [T]he basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail." **Burnett v. Al Baraka Inv. and Development Corp.**, 274 F. Supp. 2d 86, 110 (D.D.C.2003). FRCP 12 (e) motions are "designed to strike at unintelligibility rather than simple want of detail. **Rahman**, 501 F. Supp. 2d 8, 19 (D.D.C. 2007), Courts in this District have found it improper to "engage in a piecemeal dissection" of a complaint); **Woodson v. Cook County Sheriff**, 1996 WL 604051, *5 (N.D. Ill. Oct. 18, 1996).

Here in the case-at-hand, Plaintiffs have not filed an unintelligible complaint, rather Plaintiffs have filed a detailed complaint with plenary facts supporting the primary claims, the underlying joint-employment, the single employer theory and individual liability.

 "If a defendant is uncertain about the scope of the plaintiff's legal theories, the proper response is to serve contention interrogatories, not move for a more definite statement under Fed. R.Civ.P. 12(e) as defendant suggests." **Spacesauer Corp. v. Marvel Group, Inc.**, 621 F. Supp. 2d 659, 662 (W.D. Wis. 2009); citing to **Vidimos, Inc. v. Laser Lab Ltd.**, 99 F. 3d 217, 222 (7th Cir.1996). Here, in the case-at-hand, Defendants clearly understand the theories, as counsel have held extended discussions of the claims with Defendants' Attorneys. Further, the filed motions lack any specifics to explain why Defendants are so "confused" and unable to answer.

Plaintiffs previously provided more extensive response to this request, Plaintiffs ask the court to consider those filings in response to this renewed request.

15

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request that this Honorable Court to enter an Order

1) Deny Defendant Motions and require Defendant AM to Answer the complaint;
2) Other relief that is just and right

                                          Respectfully submitted,
                                          /S/ John C. Ireland

                                          Dated September 20, 2017

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL   60177
630-464-9675   Fax 630-206-0889   attorneyireland@gmail.com
    attorneyireland@gmail.com

## PROOF OF SERVICE

  The undersigned on oath states that the above document were served by US Mail and/or electronic delivery to the attorney of record on September 20, 2017.

I, John C. Ireland, under penalty of perjury under the laws of the State of Illinois that the forgoing was correct and true.

    _____/s/_____John C. Ireland_____
       Date     John C. Ireland

John C. Ireland
**Lead counsel for purposes of  RULE 11.2 DESIGNATION OF LEAD COUNSEL ON INITIAL PLEADING**
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL 60177
630-464-9675
Fax 630-206-0889
attorneyireland@gmail.com

     Service to:

Kevin W. Doherty - Doherty & Progar LLC
200 West Adams Street
Suite 2220
Chicago, Illinois 60606-5231

(312) 630-9630
(312) 630-9001 FAX

Nicholas Porto
THE PORTO LAW FIRM
1600 Baltimore, Suite 200A
Kansas City, Missouri 64108
(816)-463-2311 (office)
(913)-302-7945 (mobile)
(816)-463-9567 (fax)
www.portolaw.com

      Tom H. Luetkemeyer
      Hinshaw & Culbertson LLP
      222 N. LaSalle Street, Suite 300, Chicago, IL, 60601