IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| APRIL R. BRASHIER, CHAD O. LEBOW, and RICHARD M. ORENCIA, individually and on behalf of all persons similarly situated as collective representative under and/or as members of the Collective as permitted under the Fair Labor Standards Act, </br></br>　　Plaintiffs, </br></br>　　v. </br></br>QUINCY PROPERTY, LLC, doing business as Welcome Inn; VANDIVER MOTEL, doing business as Welcome Inn Columbia; WELCOME INN COLUMBIA; JEFFERSON PROPERTY, doing business as Extended Stay by Welcome Inn; COUNTY LINE PROPERTIES I LLC, doing business as Welcome Inn; AMERICAN MOTELS LLC, doing business as Welcome Inn; B & W INVESTMENT PROPERTIES LLC, doing business as Holiday Apartments; SPRINGFIELD WELCOME INN; and BRETT BURGE; KENNETH LOGAN; QUENTIN KEARNEY; and JOE WIMBERLY, as individuals under FLSA and Illinois Wage Laws, </br></br>　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )　　No. 3:17-CV-3022 |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion for Tolling of the Statute of Limitations for FLSA Claims of Possible Collective Members (d/e 125) filed by Plaintiffs April R. Brashier, Richard M. Orencia, and Chad O. Lebow.  Under the particular circumstances of this case, the Court DENIES the Motion with leave to refile.

## I. BACKGROUND

Plaintiffs filed the original Complaint (d/e 1) on January 28, 2017, an Amended Complaint (d/e 4) on February 15, 2017, a Second Amended Complaint (d/e 16) on April 19, 2017, and a Third Amended Complaint (d/e 94) on August 28, 2017.  Plaintiffs bring claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., the Illinois Minimum Wage Law, 830 ILCS 105/1 et seq., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.

Plaintiffs filed Motions for Certification of Collective Action on March 1, 2017 (d/e 5) and July 28, 2017 (d/e 82).  Plaintiffs seek certification of a collective action under the FLSA for all similarly

situated employees and former employees. Several individuals have filed consents to join the lawsuit. See d/e 93, 95, 97, 101, 116, 199, 123, 124, 126.

On July 28, 2017, the Court sua sponte[1] stayed briefing on the motions to conditionally certify a class until resolution of the pending motions to dismiss and motions for a more definite statement directed at the Second Amended Complaint. See July 28, 2017 Text Order. After Plaintiffs filed their Third Amended Complaint, several defendants filed answers, several defendants collectively filed a motion to transfer venue and for a more definite statement, and Defendant American Motels LLC filed a motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, a motion to transfer venue, a motion to dismiss for failure to state a claim, and a motion for a more definite statement.[2] These motions were fully briefed by September 20, 2017.

On November 8, 2017, the parties advised Magistrate Judge Tom Schanzle-Haskins that they wanted to proceed with mediation.

---

[1] Some of the Defendants had filed Motions to Stay, but the Court denied those as moot.

[2] The Court notes that it does not appear that Defendant Welcome Inn Columbia has filed any response to the Third Amended Complaint.

In light of the pending mediation, this Court has taken no further action on the pending motions. The parties' settlement discussions continue.

On February 12, 2018, Plaintiffs filed their Motion for Tolling of the Statute of Limitations for FLSA Claims of Possible Collective Members for the interim period of March 1, 2017 to January 28, 2018.[3] The parties have reached an agreement to toll the statute of limitations beginning January 29, 2018 pending mediation. Defendants oppose Plaintiffs' motion for additional tolling. See Response (d/e 127). In Plaintiffs' Reply (d/e 130), they also request a hearing. The Court denies the request for a hearing because a hearing is unnecessary at this time.

## II. LEGAL BACKGROUND

Under the FLSA, employees may bring a collective action against an employer to recover unpaid overtime compensation on behalf of themselves and on behalf of other similarly situated employees. 29 U.S.C. § 216(b). Unlike class actions under Federal

---

[3] Confusingly, Plaintiffs assert in their Reply that they seek tolling from March 1, 2017 to March 2, 2018. This seems to ignore the parties' agreement to toll the statute of limitations beginning January 29, 2018.

Rule of Civil Procedure 23(b), where potential plaintiffs are included in the class unless they opt out, potential plaintiffs in FLSA collective actions must affirmatively opt in to the suit. <u>Alvarez v. City of Chi.</u>, 605 F.3d 445, 448 (7th Cir. 2010).

Moreover, under the FLSA, the statute of limitations continues to run for each potential plaintiff until he or she opts in to the lawsuit. The FLSA requires that an action "be commenced within two years after the cause of action accrued," unless the violation was willful, in which case a three-year statute of limitations applies. 29 U.S.C. § 255(a). An FLSA lawsuit commences as to an individual claimant on: (1) the date the complaint was filed if the claimant is specifically named as a party in the complaint and he files his written consent to become a party plaintiff on such date; or (2) the date on which written consent is filed. 29 U.S.C. § 256. Therefore, the filing of the lawsuit does not toll the statute of limitations for potential class members until they file their own consents.

The statute of limitations in FLSA suits is not jurisdictional and equitable tolling applies. <u>Bergman v. Kindred Healthcare, Inc.</u>, 949 F. Supp. 2d 852, 860 (N.D. Ill. 2013). Equitable tolling is warranted if the litigant establishes (1) that he has been pursuing

his rights diligently; and (2) that some extraordinary circumstance prevented timing filing.  Knauf Insulation, Inc. v. S. Brands, Inc., 820 F.3d 904, 908 (7th Cir. 2016); see also Knox v. Jones Group, 208 F. Supp. 3d 954, 967 (S.D. Ind. 2016), on reconsideration in part 2016 WL 6083526 (S.D. Ind. Oct. 18, 2016).

### III. ANALYSIS

Plaintiffs argue that the Court should equitably toll the statute of limitations between March 1, 2017—the date Plaintiffs filed their first motion for conditional certification—until January 28, 2018, to avoid the possibility that opt-ins will lose out on the potential benefits of the lawsuit.[4]  Defendants oppose equitable tolling, arguing that Plaintiffs lack sufficient facts to establish diligence on the part of potential opt-ins or to show that exceptional circumstances exist that prevented the potential opt-ins from filing their own FLSA claims or filing opt-in notices in this case.

Courts take several different approaches to equitable tolling. Some courts find that a long delay in ruling on conditional

---

[4] In their Reply, Plaintiffs also propose July 2017—when Defendants filed a motion to stay—or October 10, 2017—the date the parties began negotiations— as possible starting dates for tolling.

certification or other motions is an extraordinary circumstance that justifies applying equitable tolling.  See <u>Bergman v. Kindred Healthcare, Inc.</u>, 949 F. Supp. 2d 852, 860-61 (N.D. Ill. 2013) (involving a 24-month delay in ruling on a motion for conditional certification and finding that the argument that potential opt-ins could have joined in or brought their own lawsuit while the motion was pending "ignored the realities of FLSA claims"); <u>see also</u> <u>Kellegren v. Petco</u>, No. 13cv644-L(KSC), 2014 WL 2558688, at *5 (S.D. Cal. June 6, 2014) (finding the potential opt-in plaintiffs would be unfairly prejudiced by the court's delay in resolving the defendant's motion to dismiss and tolling the time between the date the first motion to dismiss became fully briefed until the defendant files its answer).

    Other courts recognize that equitable tolling should be granted sparingly and require strict compliance with the equitable tolling standard—diligence and extraordinary circumstances.  See <u>Perez v. Comcast</u>, No. 10 C 1127, 2011 WL 5979769, *4 (N.D. Ill. Nov. 29, 2011) (refusing equitable tolling in light of the Seventh Circuit's admonition—in other contexts—that equitable tolling is used sparingly and finding the plaintiff did not satisfy either prong of the

equitable tolling test, even though the court had stayed the case pending the outcome of a motion for preliminary approval of settlement in another case, which delayed the court's consideration of the plaintiffs' motion for conditional certification).  These courts find that the common consequence of crowded court dockets is not an extraordinary circumstance.  Sylvester v. Wintrust Fin. Corp., 2014 WL 10416989, at * 2 (N.D. Ill. Sept. 26, 2014) (noting some period of delay in ruling on a motion must be considered "normal, rather than extraordinary"); Knox, 208 F. Supp. 3d at 967 (nine-month delay caused by the pending motion to dismiss did not constitute extraordinary circumstances).

In addition, these courts note that Congress clearly intended that some period of time would pass while the courts considered whether to conditionally certify a class but did not see fit to stop the statute of limitations until a potential plaintiff opted into the case—an action that often does not occur until after a class is conditionally certified and notice is sent.  Sylvester, 2014 WL 10416989, at *3.  Moreover, these courts note that the equitable tolling standard requires a showing that the potential opt-in plaintiffs were prevented from joining the lawsuit because of the

extraordinary delay and find that the absence of conditional certification does not prevent potential plaintiffs from asserting their rights.  Nicks v. Koch Meat Co., Inc., 265 F. Supp. 3d 841 (N.D. Ill. 2017) (finding that the plaintiffs did not show that the one-month delay in ruling on motion for conditional certification was extraordinary or that the delay prevented any potential opt-in from diligently asserting his or her rights); Sylvester, 2014 WL 10416989 at *3 (providing that a court ruling is not necessary to permit a party to file his own lawsuit or opt in to the pending lawsuit).

Still other courts find that the issue should not be addressed until after conditional class certification is granted or after the defendant challenges a plaintiff's or opt-in party's claim on statute of limitations grounds.  These courts reason that a precertification request for equitable tolling implicates too many contingencies.  That is, the court may decide not to conditionally certify the class, the defendant may decide not to raise a statute of limitations defense, or individuals may not opt in to the class, in which case the court's equitable tolling decision would likely be an advisory opinion.  Davis v. Vanguard Home Care, LLC, No. 16-CV-7277, 2016 WL 7049069, at *2 (N.D. Ill. Dec. 5, 2016); Miller-Basinger v.

Magnolia Health Sys., Inc., 2:15-cv-00089-WTL-DKL, 2016 WL 773191 at *2 (S.D. Ind. Feb. 22, 2016) (finding it premature to toll the statute of limitations for potential plaintiffs before ruling on the motion for conditional certification).  Some of these courts have also noted that the court cannot assess the diligence of a plaintiff who has not opted in.  Davis, 2016 WL 7049069, at *1 (but also noting that the "court need not go as far as holding that equitable tolling claims on a class-wide basis are always unripe before a plaintiff opts in but it does find that Plaintiffs' request for equitable tolling is unripe given the posture of this case").

In light of the status of this case, the Court agrees with those courts that find that too many variables exist to determine, prior to conditional certification, whether equitable tolling should apply.  The parties have agreed to toll the statute of limitations beginning January 29, 2018.  Therefore, a finite period of time is at issue in this case—March 1, 2017 through January 28, 2018.  If a class is conditionally certified, this Court will ensure that notice is sent to those individuals who would fall within the class if that time period is ultimately deemed tolled.  The Court will thereafter address equitable tolling if necessary.  In addition, if at any time the parties

withdraw their agreement to continue tolling the statute of limitations beginning January 29, 2018, Plaintiffs may refile their motion for equitable tolling, even if a class has not yet been conditionally certified.

## IV. CONCLUSION

Plaintiffs' Motion for Tolling of the Statute of Limitations for FLSA Claims of Possible Collective Members (d/e 125) is DENIED with leave to refile.

**ENTERED: March 7, 2018**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**