IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| APRIL R. BRASHER; RICHARD M. ORENCIA; CHAD O. LEBOW, individually and on behalf of all persons similarly situated as collective representative under and/or as members of the Collective as permitted under the Fair Labor Standards Act, | |
| | Case No. 17 CV 3022 |
| Plaintiffs, | Judge: Sue E. Myerscough |
| v. | |
| QUINCY PROPERTY, LLC, doing business as "Welcome Inn"; and VANDIVER MOTEL, doing business as Welcome Inn Columbia; WELCOME INN COLUMBIA; JEFFERSON PROPERTY, doing business as Extended Stay by Welcome Inn; COUNTY LINE PROPERTIES I LLC, doing business as Welcome Inn; AMERICAN MOTELS LLC, doing business as Welcome Inn; B & W INVESTMENT PROPERTIES LLC, doing business as Holiday Apartments; SPRINGFIELD WELCOME INN; and BRETT BURGE; KENNETH LOGAN; QUENTIN KEARNEY; JOE WIMBERLY, as individuals under FLSA and Illinois Wage Laws, | Magistrate Judge: Tom Schanzle-Haskins |
| Defendants. | |

**JOINT MOTION FOR CONDITIONAL CERTIFICATION OF
COLLECTIVE ACTION AND COURT GUIDANCE ON CLASS NOTICE**

Plaintiffs, APRIL R. BRASHER, RICHARD M. ORENCIA and CHAD O. LEBOW, along with those individuals having elected to opt-in to this litigation (collectively, the "Plaintiffs") and Defendants, QUINCY PROPERTY, LLC, doing business as "Welcome Inn," and VANDIVER MOTEL, doing business as Welcome Inn Columbia, WELCOME INN COLUMBIA, JEFFERSON PROPERTY, doing business as Extended Stay by Welcome Inn, COUNTY LINE PROPERTIES I LLC, doing business as Welcome Inn, AMERICAN MOTELS LLC, doing business as Welcome Inn, B & W INVESTMENT PROPERTIES LLC, doing

301310688v4 0999097

business as Holiday Apartments, SPRINGFIELD WELCOME INN, and BRETT BURGE, KENNETH LOGAN, QUENTIN KEARNEY, JOE WIMBERLY (collectively, the "Defendants"), by their respective attorneys, hereby submit this Joint Motion for Conditional Certification of Collective Action and Court Guidance on Class Notice as follows:

## I. PROCEDURAL BACKGROUND

Currently pending before the Court is Plaintiff's Third Amended Complaint which alleges violations of the Fair Labor Standards Act ("FLSA") in which the three (3) named Plaintiffs and approximately nine (9) individuals who have elected to opt-in to this litigation seek relief for alleged salary misclassification on the basis of improper duties, insufficient salary payments and deductions from salaries; seeking remedies including unpaid minimum wages and overtime. Also pending before the Court are Defendants' Motions to Dismiss, Motions for More Specific Statement, as well as Motions in the Alternative to Transfer Venue to which Plaintiff has responded.  Plaintiffs also have filed a Motion for Conditional Certification of a Collective Action; however, the Court has stayed briefing on that Motion based on Defendants' Motion to Stay. Plaintiffs filed a Motion for Protective Order and sought and received permission from the Court to serve a Corrective Notice to employees who signed certain declarations.  The Court denied the Defendants' requests to deny Plaintiffs' Motion for Protective Order, and denied the Defendants' alternative request for the Court to hold an evidentiary hearing to resolve the disputes related to the declarations.  The parties have agreed to a Tolling Agreement effective as of January 29, 2018 with prospective applicability, and the Plaintiffs have filed a Motion for retrospective tolling for the period from March 1, 2017 to January 28, 2018 to which the Defendants have responded and Plaintiffs seek to file a Reply.

301310688v4 0999097

Since October 30, 2017, the parties have been discussing settlement and have had three telephone status hearings with the Magistrate Judge. This Motion is a result of those continued settlement negotiations, as the parties hope to reach agreement on all outstanding disputes.

## II.     DEFINITION OF CLASS AND TERMS OF CONDITIONAL CERTIFICATION

Even though the Court has not ruled on the Motion for Conditional Certification, as part of the settlement process, all parties are in agreement that a conditional collective action notice should be issued. The parties have attempted to resolve as many issues as possible related to the Notice, beginning on October 10, 2017 and continuing until very recently; however, at this time, there are still unresolved issues in dispute between the Parties with respect to the Notice and issuance of the Notice, and as a result of those disputes, the Parties are requesting the assistance of the Court pursuant to Section III below.

The parties each will submit this joint motion and attach separately to their filing a Memorandum of Support for their respective positions and Notice drafts in order to allow the Court to determine the remaining issues related to the Notice.

The parties' stipulation to the notice shall in no way affect Defendants' Motions to Dismiss or Alternative Motions to Transfer Venue, or their right to file a motion to decertify this matter as a collective action at a later date. Nor shall the parties stipulation to the notice affect in any manner the Plaintiffs' pending Motion for Tolling nor any remedies sought under the Plaintiffs' Complaint.

Further, Plaintiffs may not point to Defendants' agreement to the definition of the collective participants identified in this motion as an indication that Defendants have waived their right to challenge the appropriateness of the collective action after the conclusion of discovery, if the case is not settled. Likewise Defendants may not point to Plaintiffs' agreements as a waiver of any rights or remedies available to Plaintiffs and/or their Counsel.

In other words, if the case is not settled, Defendants retain the right to pursue all of their pending motions to dismiss Plaintiffs' law suit, and Plaintiffs retain the rights to pursue all possible remedies, recourses and any pending motion to transfer this proceeding or for a more definite statement.  Further, neither party waives the right to file a motion for summary judgment at the appropriate time nor waives the right to take the case to trial and/or hearing.

The stipulated collective action notice is not an admission by either party as to the merits of Plaintiffs' claims or of the defenses of the Defendants, nor is it in any way indicative of the merits of whether collective certification is appropriate nor inappropriate.  Moreover, the fact that this stipulation provides for conditional certification of employees who worked at the Defendants' hotels in Missouri and Illinois for either three years prior to the filing of the Motion for Collective Notice or from three years prior to the issuance of class notice through March 1, 2018, does not preclude Defendants from arguing that a two-year statute of limitations should apply. Nor does Defendants claim that a two-year limitation period applies preclude Plaintiffs from conducting discovery and receiving documents and testimony beyond two years nor from arguing and proving a limitations period of three years or more should apply.

**III.    COURT GUIDANCE ON CLASS NOTICE**

While the parties have been working together to finalize acceptable class notice documents since October 10, 2017, that process is not complete, thus the Court's guidance on a number of issues related to the Notice and contents of the Notice.  In that effort the parties have communicated via email, presented opposing position statements, submitted and reviewed a 29 page proposed "Settlement Agreement", presented competing drafts of Notices, and communicated by phone numerous times from October 30, 2017 to late February of 2018 discussing their differences on the collective Notice and related issues, which the parties are still discussing or have yet to resolve.

WHEREFORE, the parties jointly request that this Honorable Court conditionally certify the above-identified collective action and offer guidance as deemed appropriate with respect to the disputed issues and/or proper contents of the FLSA Notice.

| | |
|---|---|
| On behalf of all Plaintiffs<br><br>BY:  /s/ John C. Ireland<br>        Counsel<br><br>DATED: March 16, 2018 | On behalf of QUINCY PROPERTY, LLC, d/b/a "Welcome Inn"; VANDIVER MOTEL, LLC, d/b/a Welcome Inn Columbia, VANDIVER MOTEL, d/b/a Welcome Inn Columbia; JEFFERSON PROPERTY, d/b/a Extended Stay by Welcome Inn; COUNTY LINE PROPERTIES I LLC, d/b/a Welcome Inn; AMERICAN MOTELS LLC, d/b/a Welcome Inn; KENNETH LOGAN; and QUENTIN KEARNEY<br><br>BY:  /s/ Tom H. Luetkemeyer<br>        Counsel<br><br>DATED: March 16, 2018 |

On behalf of B&W INVESTMENT PROPERTIES LLC, d/b/a Holiday Apartments; SPRINGFIELD WELCOME INN; BRETT BURGE; and JOE WIMBERLY

BY:  /s/ Kevin W. Doherty
        Counsel

DATED: March 16, 2018

301310688v4 0999097

## CERTIFICATE OF SERVICE

I hereby certify that on **March 16, 2018**, I electronically filed this **JOINT MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND COURT GUIDANCE ON CLASS NOTICE** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| John Craig Ireland<br>THE LAW OFFICE OF JOHN C. IRELAND<br>636 Spruce Street<br>South Elgin, IL 60177<br>Phone:  630-464-9675<br>Fax:     630-206-0889<br>atty4employees@aol.com<br>Attorneys for Plaintiffs | Kevin W. Doherty<br>Ryan Andrew Danahey<br>Samantha Elizabeth Kaplan<br>DOHERTY & PROGAR LLC<br>200 W. Adams, Suite 2220<br>Chicago, IL 60606-5231<br>Phone: 312-630-9630<br>Fax:    312-630-9001<br>kwd@doherty-progar.com<br>rad@doherty-progar.com<br>sek@doherty-progar.com<br>Attorneys for Defendants, B&W Investment Properties LLC, d/b/a Holiday Apartments; Springfield Welcome Inn; Brett Burge; and Joe Wimberly |

/s/ Ambrose V. McCall
HINSHAW & CULBERTSON LLP
416 Main Street, 6th Floor
Peoria, IL 61602
Telephone: 309-674-1025
Facsimile: 309-674-9328

Attorneys for Defendants, QUINCY PROPERTY, LLC, d/b/a "Welcome Inn"; VANDIVER MOTEL, LLC, d/b/a Welcome Inn Columbia, VANDIVER MOTEL, d/b/a Welcome Inn Columbia; JEFFERSON PROPERTY, d/b/a Extended Stay by Welcome Inn; COUNTY LINE PROPERTIES I LLC, d/b/a Welcome Inn; AMERICAN MOTELS LLC, d/b/a Welcome Inn; KENNETH LOGAN; and QUENTIN KEARNEY

301310688v4 0999097