E-FILED
Tuesday, 24 April, 2018  04:32:21 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| APRIL R. BRASHIER, CHAD O. LEBOW, and RICHARD M. ORENCIA, individually and on behalf of all persons similarly situated as collective representative under and/or as members of the Collective as permitted under the Fair Labor Standards Act, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 3:17-CV-3022 ) ) |
| QUINCY PROPERTY, LLC, doing business as Welcome Inn; VANDIVER MOTEL, doing business as Welcome Inn Columbia; WELCOME INN COLUMBIA; JEFFERSON PROPERTY, doing business as Extended Stay by Welcome Inn; COUNTY LINE PROPERTIES I LLC, doing business as Welcome Inn; AMERICAN MOTELS LLC, doing business as Welcome Inn; B & W INVESTMENT PROPERTIES LLC, doing business as Holiday Apartments; SPRINGFIELD WELCOME INN; and BRETT BURGE; KENNETH LOGAN; QUENTIN KEARNEY; and JOE WIMBERLY, as individuals under | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**FLSA and Illinois Wage Laws,**      )
                                      )
    **Defendants.**                )

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on the parties' Joint Motion for Conditional Certification of Collective Action and Court Guidance on Class Notice (d/e 132).  For the reasons that follow, the Court grants the Motion, conditionally certifies the class, and directs notice in the form and manner set forth herein.

## I.  INTRODUCTION

Plaintiffs April R. Brashier, Richard M. Orencia, and Chad O. Lebow bring this action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.  In Count 1, Plaintiffs seek to bring a claim under the FLSA for unpaid overtime and minimum wages on behalf of themselves and a class of similarly situated employees of Defendants.

Under the FLSA, employees may bring a collective action against an employer to recover unpaid overtime or minimum wages.

29 U.S.C. § 216(b).  Unlike class actions under Federal Rule of Civil Procedure 23(b), where potential plaintiffs are included in the class unless they opt out, potential plaintiffs in FLSA collective actions must affirmatively opt in to the suit.  <u>Alvarez v. City of Chi.</u>, 605 F.3d 445, 448 (7th Cir. 2010).

The parties have filed a Joint Motion for Conditional Certification of Collective Action and Court Guidance on Class Notice.  The parties have agreed that a conditional collective notice should be issued but have unresolved issues that require the assistance of the Court.  The parties specifically note that their stipulation to the notice does not affect Defendants' Motions to Dismiss or Alternative Motions to Transfer Venue or their right to file a motion to decertify this matter as a collective action at a later date.  The parties also provide that the stipulation to the notice does not affect Plaintiffs' motion for tolling[1] or any remedies sought under Plaintiffs' complaint. The parties agree that, if the case is not settled after notice to the class and present and former employees opt-in, Defendants retain the right to pursue all of their pending

---

[1] The parties assert that this motion is pending but the Court denied the motion with leave to refile.

motions to dismiss Plaintiffs' lawsuit and Plaintiffs retain the rights to pursue all possible remedies and recourses.  Neither party waives the right to file a motion for summary judgment at the appropriate time nor waives the right to take the case to trial and/or hearing.

## II. THE FAIR LABOR STANDARDS ACT

Under the FLSA, employees must receive a minimum wage for each hour that they work and an overtime wage for each hour worked in excess of forty hours per week. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).  The FLSA contains several exemptions from these requirements, including the exemptions for "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).  Congress has delegated the authority to define the scope of the exemptions to the Secretary of Labor.  29 U.S.C. § 213(a)(1); Kennedy v. Commonwealth Edison Co., 410 F.3d 365, 369 (7th Cir. 2005).

The Secretary of Labor's regulations define the executive, administrative, and professional exemptions.  Job title alone is insufficient to establish an employee's exempt status.  29 C.F.R. § 541.2.  Instead, whether an employee is exempt depends on whether the employee's salary and duties meet the regulations.  Id.

First, the employee must be compensated on a salary basis of not less than $455 per week exclusive of board, lodging, or other facilities.  See 29 C.F.R. § 541.100 (general rule for executive employees only referring to "salary basis"); § 541.200 (general rule for administrative employees and refers to "salary or fee basis") § 541.300 (general rule for professional employees and refers to "salary or fee basis").[2] An employee is considered paid on a salary basis if the employee regularly receives a predetermined amount of compensation on a weekly or less frequent basis and that amount "is not subject to reduction because of variations in the quality or quantity of the work performed."  29 C.F.R. § 541.602(a).  Certain exceptions to the prohibitions against deductions exist; e.g., an employer can make deductions from pay when an exempt employee is absent from work for one or more full days.  See 29 C.F.R. § 541.602(b).  An employer who makes improper deductions from salary loses the exemption "if the facts demonstrate that the employer did not intend to pay employees on a salary basis."  29

---

[2] Amendments to these provisions were set to go into effect on December 1, 2016.  However, the Department of Labor has been enjoined from implementing and enforcing the amendments.  Nevada v. United States Dep't of Labor, 218 F. Supp. 3d 520, 534 (E.D. Tex. 2016).  Therefore, the Court applies the regulations in effect prior to the injunction.

C.F.R. § 541.603(a).  However, an employer who takes improper deductions loses the exemption only for employees in the same job classification working for the same managers responsible for the actual improper deductions.  29 C.F.R. § 541.603(b).

Second, to qualify for the executive, administrative, or professional exemption, the employee must perform the duties set forth in the regulations.  For the executive exemption, the employee's primary duty must be management of the enterprise. 29 C.F.R. § 541.100(a)(2).  In addition, the employee must customarily and regularly direct the work of two or more other employees and have "the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight."  29 C.F.R. § 541.100(a)(3),(4).

For the administrative exemption, the "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers."  29 C.F.R. § 541.200(a)(1).  In addition, the primary duty for administrative employees includes "the exercise of

discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.200(a)(3).

Finally, an employee is a "professional employee' if her primary duty is the performance of work that requires "knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction" or "invention, imagination, originality or talent in a recognized field of artistic or creative endeavor."  29 C.F.R. § 541.300(2).

### III. BACKGROUND

In the Third Amended Complaint, Plaintiffs Brashier, Orencia, and Lebow seek to bring a claim under the FLSA for owed overtime and minimum wages on behalf of themselves and a class of similarly situated employees of Defendants (Count 1).  Plaintiffs allege that Defendants have a policy of classifying most of its employees as "salaried" despite those employees having few or no actual salaried work duties.  Plaintiffs allege that they and similarly situated employees/former employees were not properly classified as salaried employees because they do not perform "salaried work duties" and/or Defendants lose the exemption due to deductions/compelled payments from salaries and the failure to

pay the minimum salary required for salaried employees.  See Third
Am. Compl. ¶ 2 (d/e 94).

Plaintiffs seek to bring claims for relief for violations of the
FLSA as a collective action on behalf of all misclassified salaried
employees.  Plaintiffs allege:

> Defendants failed to pay overtime wages and other
> benefits to Plaintiffs and [the] Collective by improperly
> taking salary deductions and/or failing to maintain
> salaried work as the "primary duty" for Plaintiffs and
> [the] Collective and/or paid less than the required
> minimum salary and/or did not pay for training time.

Third Am. Compl. ¶ 280.  Plaintiffs further allege that Defendants
deliberately paid Plaintiffs and the Collective as exempt employees
when they knew or should have known of the improper salary
deductions, the failure to maintain salaried work as the primary
duty, and/or paying Plaintiffs and the Collective less than the
required minimum salary.  Id. ¶ 281.

The named Plaintiffs are employees of some or all of the
Defendants.  See Third Am. Compl. ¶ 278.  Plaintiff Brashier was
employed as a housekeeper beginning in October 2016 but was
classified as exempt and paid a salary.  Id. ¶¶ 139, 142, 143, 145.
Plaintiff Brashier alleges that she was misclassified as exempt and

is owed overtime and minimum wages.  Id. ¶¶ 155-166.  She also alleges that she was not paid the minimum wage during her "training period."  Id. ¶¶ 177-190.

Plaintiff Orencia was employed to perform multiple job duties—including housekeeping, maintenance, quasi-security, and front desk clerk—but was classified as exempt and paid a salary. Third Am. Compl. ¶¶ 191, 197-199; see also id. ¶¶ 218-223 and ¶¶ 224-229 (distinguishing between Orencia's "first job" and "second job").  Plaintiff Orencia alleges that he was misclassified as exempt and is owed overtime and minimum wages.  Id. ¶¶ 201-214. Plaintiff Orencia also alleges he was not paid the minimum salary required for an exempt classification.  Id. ¶ 232 (referring to Orencia's "second job").

Finally, Plaintiff Lebow alleges that he was misclassified as exempt and that he was paid less than the minimum wage required for exempt employees.  Third Am. Compl. ¶¶ 237-238.  Plaintiff Lebow also alleges that his duties did not fall within an exemption. Id. ¶ 246.  Lebow placed advertisements on Craigslist for Defendants, performed retail sales functions for American Motels, "assisted in sales/stock of Jefferson Properties," responded to

customer issues, and assisted in police calls to the property.  <u>Id.</u>
¶¶ 247-250, 252.  Several individuals have filed purported consents
to join the lawsuit.  <u>See</u> d/e 93, 95, 97, 101, 116, 199, 123, 124,
126.

Plaintiffs previously filed two motions for certification of a
collective action and supported the motions with affidavits of the
named Plaintiffs and Defendants' own business records.  <u>See</u> d/e 5,
82.  The named Plaintiffs' affidavits generally support the
allegations in the Third Amended Complaint regarding their
positions, exempt classification, pay rate, and alleged lack of
exempt duties.  In addition, Plaintiff Brashier asserts that Quincy
Property has a work force of 35 full-time and part-time employees,
including seven housekeepers.  Brashier Aff. ¶¶ 13 (d/e 6-1).
Brashier asserts that the other housekeepers are also classified as
exempt but lack exempt job duties.  <u>Id.</u> ¶ 14.

Plaintiff Orencia was also aware of other employees who
worked in similar positions who were paid a salary but lacked
salaried job duties.  Orencia Aff. ¶¶ 37-39 (referring to housekeeper
Kathy Powell) (d/e 83-2).  In addition, Orencia knew that another
employee, Randy, worked as a maintenance employee, was

classified as salaried, but had to make regular payments for an alleged work error.  Orencia Aff. ¶40-46.  Plaintiff Lebow states that an individual named Nikki placed advertisements on Craigslist and was paid a salary.  Lebow Aff. ¶ 29; see also id. ¶ 28 (also noting that Nikki worked as a rotating manager for Defendants).

Defendants have submitted the Declaration of Kenneth Logan, who holds equity in the LLC Defendants' entity motels and the position of the Member Manager with Defendants' LLC entity motels.  Logan Decl. ¶ 2 (d/e 133-4).  Logan states that the positions of housekeeper, maintenance, and front desk are the jobs held by a majority of the employees working at Defendants' motels. Id. ¶ 3.  Logan sets forth the positions and employment dates of the named Plaintiffs and all but one of the proposed opt-in plaintiffs. Id. ¶¶ 4-7, 9-15.  Logan also notes that Lebow—who placed Craigslist advertisements—and potential opt-in Terry Milner—who performed construction work—performed job duties that bear little or no resemblance to the job duties performed by those in the position of housekeeping, maintenance staff, and front desk personnel.  Id. ¶ 16.  Defendants agree to notice being sent to all

housekeepers, maintenance staff, front desk personnel, and skilled trade construction employees.  Defs. Mem. at 3 (d/e 133).

## IV. ANALYSIS

Plaintiffs and Defendants have submitted memoranda in support of their positions and have submitted a form notice and consent form for the Court's review.  Defendants' forms are based on Plaintiffs' forms and show additions and deletions to Plaintiffs' forms.

Defendants object to Plaintiffs' notice on three grounds: (1) the proposed notice fails to limit the notice to those similarly situated to the named Plaintiffs and those who have already opted in and Plaintiffs fail to specify the job categories of the intended recipients; (2) the proposed notice fails to inform the intended recipients of the need to sign a consent form by hand to join the case as an opt-in plaintiff; and (3) the notice provides for notification by text and Plaintiffs seek to allow opt-ins to merely send a text indicating they want to join the litigation instead of signing the consent form.

Plaintiffs identify the areas of disagreement as follows: (1) the class definition; (2) sending notice via text message and allowing class members to join via text message; (3) whether Plaintiffs are

allowed to have face-to-face meetings with the Collective; and (4)
objections to what Plaintiffs refer to as complex and confusing
language.  Plaintiffs also ask the Court to order Defendants to
provide the names and last known home, work, and email
addresses and phone numbers of the potential opt-in plaintiffs.

## A.    Plaintiffs' Collective Definition is Too Broad

The first disagreement between the parties is the definition of
the Collective, which affects to whom the notice is sent.  Plaintiffs
assert that the Collective should be defined as "all salaried
employees" while Defendants assert that the Collective should be
limited by job categories, meaning individuals holding the title of
housekeepers, maintenance staff, front desk personnel, and skilled
trade construction employees or performing similar tasks.

The Seventh Circuit has not articulated the procedure for
determining whether a FLSA lawsuit should proceed as a collective
action.  North v. Bd. of Trs. of Ill. State Univ., 676 F. Supp. 2d 690,
694 (C.D. Ill. 2009).  However, most courts follow a two-stage
process.  Id.

Under the first stage, referred to as the conditional
certification stage or notice stage, the plaintiff must make a

minimal showing that individuals in the potential class are similarly situated.  Jirak v. Abbott Labs., Inc., 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008).  Because the parties have typically not engaged in discovery at this point, courts apply a lenient interpretation of the term "similarly situated" and require only a modest factual showing that the plaintiffs and potential class members were victims of a common policy or plan that violated the law.  See Briggs v. PNC Fin. Servs. Grp., Inc., No. 15-CF-10447, 2016 WL 1043429, at *2, *5 (N.D. Ill. March 16, 2016) (referring to stage one as the "pre-discovery, step one conditional certification stage"); Smallwood v. Ill. Bell. Tel. Co., 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010).

After the opt-in process and the completion of discovery, the court proceeds to the second stage of the analysis.  At stage two, the court determines whether there is sufficient similarity between the named plaintiffs and the opt-in plaintiffs to allow the case to proceed on a collective basis.  Curless v. Great Am. Real Food Fast, Inc., 280 F.R.D. 429, 433 (S.D. Ill. 2012).  If sufficient similarity is lacking, the Court can dismiss the opt-in plaintiffs' claims without prejudice.  Id.  In addition, at the second stage, the defendant can move to decertify the class or divide the class into subclasses.

<u>Nehmelman v. Penn Nat'l Gaming, Inc.</u>, 822 F. Supp. 2d 745, 751 (N.D. Ill. 2011).

This case is at the first stage.  At this stage, a plaintiff can show sufficient similarity if the plaintiff can show "'some factual nexus' [that] connects her to other potential plaintiffs as victims of an unlawful practice."  <u>Berndt v. Cleary Bldg. Corp.</u>, No.  11-cv-791-wmc, 2013 WL 3287599, at *6 (W.D. Wis. Jan. 25, 2013).  The factual similarity need not relate to job duties or circumstances. <u>Molina v. First Line Solutions LLC</u>, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007) ("The other employees need not be in the same identical job or situation.").  However, "[t]here must be a demonstrated similarity among the situations of each plaintiff beyond simply claiming that the FLSA has been violated."  <u>Id.</u> at 787.

In this case, Plaintiffs' definition of the Collective—all salaried employees—is too broad.  Plaintiffs have not identified a factual nexus showing that all salaried employees are similarly situated.

Plaintiffs assert that they are similarly situated to all salaried employees because Defendants classify all or nearly all of their employees as salaried.  Courts have held, however, that when a plaintiff seeks to bring a collective action on the basis of

misclassification, some similarity beyond the allegation that all employees were misclassified is necessary to show that the lead plaintiffs and opt-in plaintiffs are similarly situated. See Shipes v. Amurcon Corp., No. 10-14943, 2012 WL 995362, at *10 (E.D. Mich. Mar. 23, 2012) (holding, in a misclassification case, a collective action is appropriate "where the plaintiffs make a modest factual showing that the nature of the work performed by all class members is at least similar to their own"); see also, e.g., Owens v. GLH Capital Enter., Inc., No. 3:16-CV-1109-NJR-SCW, 2017 WL 2985600, at *3-4 (S.D. Ill. July 13, 2017) (distinguishing misclassification cases—which require an analysis of daily duties— from cases where the type of work performed is irrelevant to the underlying FLSA claim).  This is because whether the employee was properly classified as exempt will be based, in part, on his or her job duties.  The Court will have to examine those job duties to determine whether all the members of the Collective were properly classified as exempt.  Plaintiffs are only similarly situated to those misclassified individuals who have the same or similar job duties.

Plaintiffs also allege that Defendants improperly took deductions from salaried employees and, therefore, a class of all

salaried employees is appropriate.  However, an employer who takes improper deductions loses the exemption only for employees in the same job classification working for the same managers responsible for the actual improper deductions.  29 C.F.R. § 541.603(b).  Again, having similar duties and/or job classifications is necessary for the Collective to be considered similarly situated.

The Court finds, however, that notice should also be sent to those employees classified as exempt who were paid less than $455 per week.  One of the requirements for classifying employees as exempt from the overtime and minimum wage requirements is that they are paid at least $455 per week.  Plaintiff Orencia asserts that he was classified as exempt but paid less than $455 per week.  Other employees who were classified as exempt and were paid less than $455 per week are similarly situated to Plaintiff Orencia regardless of those employees' job duties or job classifications.

Consequently, the notice shall be sent to all former and current employees who were classified as exempt during the Class Period and who held the position or performed the duties of housekeeper, maintenance staff, front desk personnel, skilled trade construction employee, or placing advertising on Craigslist for

Defendants.[3]  In addition, the notice shall be sent to all current and former employees who were classified as exempt and were not paid a minimum salary of $455 per week during the Class Period.

## B.  The Court Will Allow Notice by Text Message and Will Allow Consents to be Returned Via Text Message

The parties also disagree on whether the notice can be transmitted by text message in addition to by U.S. Mail and email. Plaintiffs propose providing an abbreviated notice (d/e 134-2, p. 8 of 8) to potential opt-ins by text message that is intended to cause the potential opt-in to further inquire about the case.

Plaintiffs assert that notice by text message is appropriate in this case for two primary reasons.  First, text communication is appropriate because Defendants lack proper records.  By way of example, in the fall of 2017, Plaintiffs' counsel sent 66 Corrective Notices pursuant to court order to addresses provided by Defendants.  See U.S. Magistrate Judge Tom Schanzle-Haskins Opinion on Plaintiff's Motion for Protective Order (d/e 118).

---

[3] The Court includes individuals who, like Defendant Lebow, placed Craigslist ads for Defendants. Although Defendants contend that Lebow was the only employee who performed this task, that assertion is contradicted by Plaintiff Lebow's affidavit.  Lebow asserts that "Nikki" also ran "advertisements on Craigslist." Lebow Aff. ¶ 29; see also ¶ 28 (stating Nikki also worked as a rotating manager).

Thirteen of those notices were returned.  Second, Plaintiffs assert

that some of the individuals who will receive notice are transient.

Moreover, some of the potential opt-ins lived at the motels while

they worked for Defendants and the U.S. Post Office will not

forward the mail of residents leaving motels.  See

https://pe.usps.com/archive/html/dmmarchive20100607/507.ht

m#wp1113059 (providing that a change-of-address order cannot be

filed or is restricted for mail originally addressed to the addressee at

a business or place of employment) (last visited April 24, 2018).

While notice by text message is not uniformly permitted by the

courts, this Court finds that notice by text message is appropriate

in this case.  Plaintiffs have asserted that Defendants' work force is

transitory, and the Plaintiffs themselves lived at the motels while

they worked for Defendants.  See Third Am. Compl. ¶¶ 36, 38, 39,

223, 266.  In addition, as Plaintiffs' attempts at sending the

corrective notice showed, many of the physical addresses

Defendants have for potential opt-ins are no longer valid.

Therefore, the Court will allow notice to the potential members of

the collective action by way of text message in addition to the other

means of notice agreed to by the parties.  See Desio v. Russell Road

<u>Food & Beverage, LLC</u>, No. 2:15-cv—1440GMN-CHW, 2017 WL
4349220, at *5 (D. Nev. Sept. 29, 2017) (finding notice via text
message appropriate due to the transient nature of dancers);
<u>Bhumithanarn v 22 Noodle Mkt. Corp.</u>, No. 14-cv-2625 (RJS), 2015
WL 4240985, at *5 (S.D. N.Y. July 13, 2015) (finding notice via text
message was "likely to be a viable and efficient means of
communicating with many prospective members of this collective
action" given the "high turnover characteristic of the restaurant
industry").

The Court orders, however, that the notice by text message
must, in addition to advising the individuals that they can seek
additional information from Plaintiffs' attorney, direct them to a
website with an electronic version of the class notice and consent
documents.  In addition, Plaintiffs' counsel must ensure that
anyone who contacts him who only received the text message notice
also receives the long form notice prior to submitting any consent
form.

The parties also appear to dispute whether potential opt-ins
can consent by text message.  Plaintiffs' position on this issue is not
entirely clear.  On the one hand, Plaintiffs have submitted a

proposed consent form that includes a space for the party's signature.  Plaintiffs' proposed notice contemplates that all individuals who wish to join the action will complete the consent form and return the form to Plaintiffs' counsel.  On the other hand, Plaintiffs argue that a signature is not required under the statute and that the individuals can consent by text without signing any document.  See Pls. Opp. At 5-7 (d/e 136).  In addition, several individuals have already purported to consent to join the lawsuit by way of a text message lacking any signature.  See d/e 93, 95, 97, 101, 126.

The FLSA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought."  29 U.S.C. § 216(b).   While the phrase "in writing" is not defined, many courts require a signature, an electronic signature, or the person's hand-printed name.  See Kulik v. Superior Pipe Specialties Co., 203 F. Supp. 938, 941 (N.D. Ill. 1962) (concluding that "consent in writing" is "a document signed by the person whose consent it purports to be"); Dyson v. Stuart Petroleum Testers, Inc., 308 F.R.D. 510, 517-18 (W.D. Tex. 2015)

(noting that the FLSA did not contain a signature requirement and approving the use of online, electronic signature opt-in forms); Almaraz v. Vision Drywall & Paint, LLC, No. 2:11-cv-019830-PMP-PAL, 2014 WL 2003188, at *16 (D. Nevada 2014) (giving two potential opt-ins additional time to clarify whether their printed names on the consent form were intended to constitute their consent to sue and to authenticate their handwriting on the consent form); Riojas v. Seal Produce, Inc., 82 F.R.D. 613, 617 (D. Tex. 1979) (finding that a consent form accompanied by a list of signatures was sufficient to constitute consent under § 216).

The Court will leave for another day whether a consent sent by text message without any signature or hand-placed mark constitutes a valid consent under § 216(b). The parties have asked the Court to resolve the remaining disputes regarding the proposed notice. The proposed notice anticipates that all individuals who wish to join the lawsuit will return the consent form. The consent form contains a place for the individual's signature. The Court approves this process for completing consents. The Court also approves Plaintiffs' proposal that individuals be permitted to take a picture of the completed consent form and text the picture to

Plaintiffs' counsel, as this is not significantly different than sending

a consent by facsimile.  In addition, if Plaintiff wishes to engage an

electronic signature service, the Court will approve such a method

## C.   Remaining Objections Are Granted in Part and Denied in Part

Plaintiffs raise several additional objections.

Plaintiffs object to Defendants including the name of all of the

Defendants on the first page of the Notice of Wage Lawsuit (d/e

133-3).  That objection is denied.

Plaintiffs object to Defendants' use of the phrase "certain job

classifications" in the sections titled "Description of the Lawsuit"

and "Who is Receiving this Notice."  The Court agrees that the

language could be confusing.  Therefore, the "Description of the

Lawsuit" section will not include that phrase.  In the "Who is

Receiving this Notice" section, the Court amends the language to

read as follows:

> This notice is being sent to current and former employees
> of Defendants who held the position or performed the
> duties of housekeeper, maintenance staff, front desk
> personnel, skilled trade construction, and placing
> advertising who, during the Class Period, were paid by
> means of a salary instead of hourly compensation  The
> notice is also being sent to current and former employees

of Defendants who were classified as exempt but were paid less than $455 per week during the Class Period.

Plaintiffs also ask that the Court approve face-to-face meetings between Plaintiffs and Defendants' employees because Defendants' address records for former employees are dismal, Defendants can communicate with the employees daily, Defendants have misrepresented the claims to its employees, and the claims are complex.

It is not clear exactly what Plaintiffs are seeking.  Plaintiffs have a right to contact potential members of the Collective class. See, e.g., Williams v. Chartwell Fin. Servs., Ltd., 204 F.3d 748, 759 (7th Cir. 2000); Piekarski v. Amedisys Illinois, LLC, 4 F. Supp. 3d 952, 955 (N.D. Ill. 2013) (FLSA case).  Therefore, this request is denied as moot.

Plaintiffs also ask the Court to order Defendants to produce: (1) the names of each and every salaried employee of Defendants any time after March 1, 2014, including any aliases they may have; (2) the last known home and work addresses of the salaried employees for the same time period; and (3) the email addresses of any kind which Defendants are aware of for any such employee;

and (4) phone numbers of any kind which Defendants are aware of for any employees.  The Court grants Plaintiffs request in part. Defendants shall provide the information requested only as to Defendants' (1) salaried/exempt employees who held the title of or performed the duties of housekeeper, maintenance staff, front desk personnel, skilled trade construction, and placing advertising; or (2) salaried/exempt employees who were paid less than $455 per week.

Finally, the Court notes that Defendants' version of the notice contains additional or amended language.  The Court approves the additional language—"Defendants will dispute the calculation of damages and certain of Plaintiffs' theories of liability"—submitted by Defendants on page 2 in the section titled "Description of the Lawsuit."  See d/e 133-3, p. 3 of 8).  The Court also approves, in part, Defendants' additional language in the section titled "Your Right to Participate in This Action" (id.) such that the first paragraph reads as follows:

> If you believe you also are or were misclassified and/or owed wages as described above, you may choose to join this action by completing, signing, and then mailing, faxing, texting, or emailing the attached Consent Form to Plaintiffs' Attorney for filing with the Court:

## V. CONCLUSION

For the reasons stated, the parties' Joint Motion for Conditional Certification of Collective Action and Court Guidance on Class Notice (d/e 132) is GRANTED. **IT IS THEREFORE ORDERED AS FOLLOWS:**

(1) The Court conditionally certifies a collective action by Plaintiffs and similarly situated members of the class pursuant to 29 U.S.C. § 216(b), defined as:

> All current and former employees of Defendants who were (1) classified as salaried/exempt during the Class Period who held the position or performed the duties of housekeeper, maintenance staff, front desk personnel, skilled trade construction employee, or placing advertising; or (2) classified as salaried/exempt and were not paid a minimum salary of $455 per week.[4]

(2) The Court APPROVES Plaintiffs' Proposed Notice of Pending Lawsuit, as amended herein; Plaintiffs' Consent to Sue Under the Fair Labor Standards Act form; and Plaintiffs'

---

[4] The parties do not indicate what they agreed to as the Class Period other than "March 1___, 2014 to the present."

Proposed Text Notice, as amended herein;

(3) The Court AUTHORIZES Plaintiffs to send the approved notice to the class as defined above.

(4) Defendants are ordered to produce to Plaintiffs the names and aliases, home and work addresses, email addresses, and phone numbers of every salaried/exempt employee who held the title of or performed the duties of housekeeper, housekeeper, maintenance staff, front desk personnel, skilled trade construction employee, and placing advertising after March 1, 2014, as well as all salaried/exempt employees who were paid less than $455 per week who worked for Defendants after March 1, 2014.

(5) In light of the Joint Motion for Conditional Certification of Collective Action, the following motions are denied as moot with leave to refile: Plaintiffs' Motion to Certification of Collective Action (d/e 5); Plaintiffs' Motion for Certification of Collective Action (d/e 82); Defendant American Motels Motion to Dismiss (d/e 98); and the Motion (d/e 102) to transfer venue and for a more definite statement filed by Defendants B&W Investment Properties, LLC, Brett Burge,

County Line Properties I LLC, Jefferson Property, Quentin

Kearning, Kenneth Logan, Quincy Property LLC, Springfield

Welcome Inn, Vandiver Motel, and Joe Wimberly.

**ENTERED:  April 24, 2018**

**FOR THE COURT:**

**s/ Sue E. Myerscough**
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**