E-FILED
Tuesday, 29 October, 2019  05:01:52 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| April R. Brashier, Richard M. Orencia, and Chad O. LeBow, individually and on behalf of all persons similarly situated as collective representatives under and/or as members of the collective as permitted under the Fair Labor Standards Act, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| Quincy Property LLC, doing business as "Welcome Inn Hotel" and Welcome Inn Hotel Management, Inc., and Vandiver Motel, doing business as Welcome Inn Columbia, Welcome Inn Columbia, Jefferson Property, doing business as Extended Stay by Welcome Inn, County Line Properties I LLC., doing business as Welcome Inn American Motels LLC, doing business as Welcome Inn, B&W Investment Properties LLC, doing business as Holiday Apartments, Springfield Welcome Inn, and Brett Burge, Kenneth Logan, Quentin Kearney, and Joe Wimberly, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 17 CV 3022

District Court Judge: Colin S. Bruce

Magistrate Judge: Eric Long

## <u>COLLECTIVE ACTION SETTLEMENT AGREEMENT</u>

This Collective Action Settlement Agreement is made by and among April Brashier,

Richard Orencia and Chad Lebow ("Named Plaintiffs") on behalf of themselves and all other

similarly situated persons working at Quincy Property LLC, doing business as Welcome Inn Hotel;

Welcome Inn Hotel Management, Inc.; Vandiver Motel, doing business as Welcome Inn

Columbia; Jefferson Property, doing business as Extended Stay by Welcome Inn; County Line

Properties I LLC., doing business as Welcome Inn; American Motels LLC, doing business as

Welcome Inn; B&W Investment Properties LLC, doing business as Holiday Apartments; and

Springfield Welcome Inn (the "Hotel Defendants"), and Brett Burge, Kenneth Logan, Quentin

Kearney and Joe Wimberly (the "Individual Defendants") as to the Amended Complaint in the captioned matter relating to the Hotel Defendants' and the Individual Defendants' alleged failure to pay the Named Plaintiffs and the similarly situated Opt-In Plaintiffs wage compensation, including overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., as well as applicable Missouri and Illinois law, and retaliation claims on behalf of some of them. The Hotel Defendants and the Individual Defendants together are referred to sometimes herein as the "Defendants".

1. **DEFINITIONS**

1.1.    "Named Plaintiffs" means April Brashier, Richard Orencia and Chad Lebow. The Third Amended Complaint also lists Mr. Orencia as a Named Plaintiff, who along with Brashier and Lebow, sue on their own behalf, and as collective representatives, they are bringing claims against Defendants on behalf of all of the other similarly situated employees [Doc. 94 at p.2].

1.2.    "Opt-In Class Members" means only those individuals set forth on Exhibit A, which is a spreadsheet created by Magistrate Judge Eric Long during the settlement process.

1.3.    "Unpled Retaliation Claimants" means those individual Opt-In Class Members or Plaintiffs who made retaliation demands during settlement negotiations but did not plead any retaliation claims in this Collective Action, including Terry Milner, Debra Schoen and Brittnii George. Those claims will be released upon completion of this settlement.

1.4.    The term "Court" means the United States District Court for the Central District of Illinois.

1.5.    The term "Defendants' Counsel" means all counsel who appeared as attorneys of record on behalf of the Defendants, or who subsequently so appear.

304228288v1 0999097

1.6.    The term "Final Order" means the Court's action granting final approval of this Agreement, or in the event of an appeal of such order, the appellate order upholding the Court's order.

1.7.    The term "Litigation" means this collective lawsuit under the FLSA filed in the United States District Court for the Central District of Illinois.

1.8.    The term "Parties" means the Named Plaintiffs (including on behalf of themselves and the Opt-In Class Members) and Defendants.

1.9.    The term "Plaintiffs' Counsel" means John Ireland.

1.10.    The phrase "Released Parties" means the Hotel Defendants and the Individual Defendants, and with respect to the hotels, all of their active, dissolved, merged, or consolidated entities and their parents, divisions, subsidiaries, partnerships, affiliates, predecessor and successor entities, and all of their members, employees, owners, officers, shareholders, managers, partners, and all of their subsidiaries and management companies, and their benefit plans, and all of their respective past, present, and future trustees, fiduciaries, owners, shareholders, members, administrators, directors, officers, agents, employees, insurers, and their law firms, counsel, and attorneys.  The phrase also includes the heirs and legatees of the Individual Defendants.

1.11.    The term "Settlement" means the Parties' compromise of this Litigation as set forth in this Agreement.

1.12.    The term "Alleged or Tardy Opt-In Class Member" is used to refer to Brittnii George, Michelle McCarthy, and Dustin Padgett.

## 2.     SCOPE, PURPOSE AND BENEFITS OF THE SETTLEMENT

2.1.    This Agreement is intended to, and does effectuate, the full, final and complete resolution of the Litigation. The Named Plaintiffs will provide Defendants with a full and complete release, as defined in Section 6 of this Agreement.  Any Opt-In Class Member with a retaliation

3

claim also will release that claim. The other Opt-In Class Members will provide a limited release of their wage claims under the FLSA and applicable state law in keeping with other provisions of this Agreement.

2.2.    The Named Plaintiffs and Defendants do not abandon the respective positions they have taken throughout the course of the Litigation. Nonetheless, they recognize that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of this recognition, Named Plaintiffs and Defendants believe that this Settlement is the best way to resolve the Litigation between them.

## 3.    JURISDICTION

The Court has jurisdiction over the Litigation and the Parties, the Opt-In Class Members and the subject matter of the Litigation. The Parties shall seek the Court's consent to retain jurisdiction of the Litigation for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein until dismissal, as specified in Section 5.5 below.

## 4.    DEFENDANTS' STATEMENT OF NO ADMISSION OF LIABILITY; NO EVIDENTIARY EFFECT

4.1.    This Agreement, including all exhibits and related documents filed or presented in the course of the litigation and/or discussed or exchanged by the Parties during settlement negotiations, do not constitute, are not intended to constitute, and will not be deemed to constitute as an admission by Defendants or any of the Released Parties as to the merits of the allegations or claims made in the Litigation, or as to the merits of any claims made during the course of settlement negotiations by the Parties.

4.2.    Nothing in this Agreement, including any action taken in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued or used during the course of the negotiations leading to the Agreement is intended to be introduced,

304228288v1 0999097

be used, or be admissible in any way in the Litigation or in any other judicial, arbitral, administrative, investigative, or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders of the Court entered in connection therewith.

4.3.     If this Agreement is not approved finally by the Court or by an appellate court, then neither Defendants nor any of the Released Parties will be deemed to have waived, limited, or affected in any way any objections or defenses in the Litigation; nor will the Named Plaintiffs or any of the individuals on whose behalf they may act be deemed to have waived any claims.

## 5.     WAIVER, RELEASE AND DISMISSAL AND COVENANT NOT TO SUE

5.1 General and Complete Release of Claims by the Named Plaintiffs

In addition to the foregoing, the Named Plaintiffs on behalf of themselves and their heirs, legatees, personal representatives, and assigns, hereby release and discharge the Released Parties from any and all actions, claims, charges, complaints, demands, liens, liabilities, obligations, fees, or suits of any kind, whether known or unknown, which the Named Plaintiffs ever have had, or may have arising from their employment with the Defendants or termination from the Defendants, from the beginning of time through the Effective Date of this Agreement. Without limiting the generality of the foregoing, this release includes: (i) any claims or allegations asserting wrongful termination, discrimination, harassment or retaliation under any federal, state and local law or ordinance; (ii)  all claims for unpaid wages or compensation of all categories and types, including for salary, regular hourly wage compensation, overtime hourly compensation, reimbursement of employment related expenses, penalties, prejudgment interest, post-judgment interest, exemplary or punitive damages, and any form of common law or statutory remedies; (iii) all claims under the

5

FLSA, 29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., the

Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., Missouri wage laws, including

but not limited to the Missouri Minimum Wage Statutes, RSMo 290.500-290.530 and the Missouri

Minimum Wage and Overtime laws, 8 CSR 30-4.010-4.050, and the general Missouri Wages,

Hours and Dismissal laws codified at RSMo 290.010 -290.152, and the Missouri laws on wages

paid to Female Employees codified at RS Mo 290.400-290.460, and the all other federal and state

employments laws, including, but not limited to, Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e et seq., Section 1981, the Age Discrimination in Employment Act, 29 U.S.C. §§

621, et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., the Family

and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq., the Employee Retirement Income

Security Act of 1973 as amended, 29 U.S.C. §§ 1001, et seq., the National Labor Relations Act as

amended, 29 U.S.C. §§ 151, et seq., the Occupational Safety and Health Act of 1970 as amended,

29 U.S.C. §§ 651 et seq., and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, et seq.;

the Missouri Human Rights Law, Mo. Rev. Stat. 213.010 et seq.; (iv) any other federal, state,

county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv)

all other claims of any type under the common law of any state, whether in tort, contract or

otherwise. A copy of the Claim Form and Release for the Named Plaintiffs is attached as Exhibit

B.

    5.2    Release of FLSA and State Wage and Hour Claims by the Opt-In Class Members

    The Opt-In Class Members on behalf of themselves and their heirs, legatees, personal

representatives and assigns, hereby release and discharge the Released Parties from any actions,

claims, charges, demands, liabilities, obligations, fees, or suits of any kind, whether known or

unknown, which Opt-In Class Members had, or may have arising from all claims under the FLSA,

29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., the Illinois

304228288v1 0999097

Wage Payment and Collection Act, 820 ILCS 115/1, et seq., Missouri wage laws, including but

not limited to the Missouri Minimum Wage Statutes, RSMo 290.500-290.530 and the Missouri

Minimum Wage and Overtime laws, 8 CSR 30-4.010-4.050, and the general Missouri Wages,

Hours, and Dismissal laws codified at RSMo 290.010-290.152, and the Missouri laws on payment

of wages to Female Employees codified at RSMo 290.400-290.460. A copy of the Claim Form

and Release for the Named Plaintiffs is attached as Exhibit C.

    5.3    Release of retaliation, FLSA and State Wage and Hour Claims by those Opt-In Class Members with retaliation claims – (Opt-In Class Members Milner, George and Schoen)

The Opt-In Class Members with retaliation claims, on behalf of themselves and their heirs,

legatees, personal representatives and assigns, hereby release and discharge the Released Parties

from any actions, claims, charges, demands, liabilities, obligations, fees, or suits of any kind,

whether known or unknown, which Opt-In Class Members have or may have arising from all

claims under the FLSA, 29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law, 820 ILCS

105/1, et seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., Missouri

wage laws, including but not limited to the Missouri Minimum Wage Statutes, RSMo 290.500-

290.530 and the Missouri Minimum Wage and Overtime laws, 8 CSR 30-4.010-4.050, and the

general Missouri Wages, Hours, and Dismissal laws codified at RSMo 290.010-290.152, and the

Missouri laws on payment of wages to Female Employees codified at RSMo 290.400-290.460.

The scope of this release includes any retaliation claims brought or which could have been brought

under the aforementioned statutes. A copy of the Claim Form and Release for the Named Plaintiffs

is attached as Exhibit D.

    5.4    Binding Effect of Waiver and Release of Claims

Upon the Court's issuance of the Final Order, the general release of claims shall be binding

on the Named Plaintiffs and the release of FLSA and state wage and hour and retaliation claims,

304228288v1 0999097

as applicable, shall be binding on the remaining Opt-In Class Members, and also shall be binding on all of the heirs, legatees, personal representatives and assigns, or anyone claiming through the Named Plaintiffs and the Opt-In Class Members.

5.5    Dismissal Upon Release by Named Plaintiffs and the Opt-In Class Members.

Upon full performance of all terms and conditions of the Settlement, the Parties agree that the Litigation will be dismissed with prejudice, and through their respective counsel, will take all steps reasonably necessary to seek and secure such dismissal from the Court.

5.6    Covenant Not to Sue.

Upon the Court's issuance of the Final Order, the Named Plaintiffs and the Opt-In Class Members agree and covenant not to sue or file any claims, in any court or administrative agency against Defendants with respect to any of the claims released herein. If such a suit or claim is filed, Defendants may use this Agreement, and specifically this Section 5.6, as a basis to obtain the dismissal with prejudice of any claim released under this Agreement.

6.    **CONDITIONS OF SETTLEMENT**

6.1.    This Agreement is expressly contingent on the following conditions precedent:

6.1.1.    The Court preliminarily approves this Agreement as adequate, fair and reasonable and in the best interest of the Named Plaintiffs and the Opt-In Members of the collective action.

6.1.2.    The Court conducts a **<u>Fairness Review and Recommendation of the FLSA settlement by Judge Long which is adopted by the District Judge</u>**; and

6.1.3.    The Court issues a Final Order approving this Agreement and dismissing the Litigation as provided in Section 6.____.

6.2.    The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of implementing and achieving the conditions set forth above, including without

304228288v1 0999097

limitation, timely filing of all motions, papers, and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or institution of other action or proceedings seeking review of the Final Order or seeking the assertion of any cause of action contemplated or released by this Agreement.

6.3.    Class Counsel shall seek Preliminary Approval of this Settlement.

6.4.    If the Court does not enter a Final Order for any reason that cannot be cured by the Parties, or in the event of an appeal, the Final Order is not upheld, then all matters covered by this Agreement shall be null and void and Defendants shall be under no obligation to make any payments under this Agreement and nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation. Further, should a Final Order not be entered and/or upheld on appeal, the Parties shall not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Litigation, as if this Agreement never existed.

## 7.    SETTLEMENT PAYMENTS

7.1.    In consideration for this Agreement, the releases to be provided by the Named Plaintiffs and Opt-In Class Members under this Agreement, and dismissal of the Litigation with prejudice, Defendant will pay a total Settlement Amount of Three Hundred Eighty Three Thousand, Eight Hundred Twenty Five and 17/100 Cents ($383,825.17) to be apportioned between payments to the Named Plaintiffs, the Opt-In Class Members **with a separate payment to Class Counsel as found in 7.1.2** as follows.

7.1.1.    Each Named Plaintiff, in consideration for his or her general release, and each Opt-In Class Member for their limited FLSA and wage and hour release, and each Opt-In Class Member with a retaliation claim receive the amount set forth for each Named Plaintiff and Opt-In Class Member as set forth on Exhibit A.

9

7.1.2.   Two Hundred and Two Thousand Dollars ($202,500) shall be paid to Class Counsel as attorneys' fees in prosecuting this matter, when this Settlement Agreement is finally approved by the Court.

7.2.     In no event will Defendants' total financial responsibility under this Agreement exceed the aforementioned Settlement Amount, except that:

7.2.1.   Hotel Defendants shall pay the Hotel Defendants' share of any payroll taxes that they are required to pay as a matter of law in connection with the payments to Opt-In Class Members and the Named Plaintiffs under this Agreement;

7.2.2.   Hotel Defendants shall pay for the cost of its own employees' labor necessary and costs in complying with their obligations under this Agreement, and for any incidental costs associated with issuing and mailing tax forms, and the checks and tax statements provided for in this Agreement; and

## 8.     DISBURSEMENT OF THE CLASS SETTLEMENT FUND

8.1.     Conditions for Payment to Opt-In Class Members

To receive a payment under this Section 8, the Opt-In Class Member must complete and sign a Settlement Claim Form and Affidavit, without deletion or amendment of the release language, and return the Settlement Claim Form and Affidavit to the Class Counsel.  A template of the Settlement Claim and Form and Affidavit for the Opt-In Class Members is attached as Exhibit B. A template of the Settlement Claim Form for the Opt-in Class Members with retaliation claims (Milner, George and Schoen) is attached as Exhibit C.  A person who fails to submit a valid and complete Settlement Claim Form shall receive no benefit from this Settlement, and will be bound to the terms of this Agreement.

8.2.     Conditions for Payment to Named Plaintiffs

10

3:17-cv-03022-CSB-EIL    # 187-2    Filed: 10/29/19    Page 11 of 37

To receive a payment under this Section 8, the Named Plaintiffs must complete and sign a Settlement Claim Form, without deletion or amendment of the release language, and return the Settlement Claim Form to the Class Counsel. A template of the Settlement Claim Form for the Named Plaintiffs is attached as Exhibit D. A Named Plaintiff who fails to submit a valid and complete Settlement Claim Form shall receive no benefit from this Settlement, and will be bound to the terms of this Agreement.

8.3    Amount of Payments to Class Members

The Named Plaintiffs and each Opt-In Class Member who satisfies the conditions stated in Sections 8.1 and 8.2 shall receive the amount set forth opposite his or her name on Exhibit A less the Named Plaintiff's and Op-In Class Member's share of payroll taxes, as applicable. The Parties understand that, because the underlying claims are based, in part, without time records, a precise calculation based on time records cannot be made. Therefore, the Settlement Amount has been negotiated over time, in good faith, and with the assistance of the Court, to estimate the amount of damages, albeit disputed, that each Named Plaintiff or Opt-In Class Member may have incurred.

8.4    Timing of Payments

Within thirty days (30) days of final approval of the Court following the Fairness Review and Recommendation of the FLSA settlement by Judge Long which is adopted by the District Judge, and provided a Settlement Claim Form and Affidavit has been executed by the Named Plaintiffs and Opt-In Class Members, Defendants shall pay the settlement amounts by making payment to each Named Plaintiff and Opt-In Class Member in the gross amount set forth on Exhibit A, less appropriate withholdings. Class Counsel shall provide Defendants with the current addresses of his clients, and checks will be mailed to each Named Plaintiff and Opt-In Class Member via certified mail. Within five (5) business days following each mailing of the settlement payments,

304228288v1 0999097

Defendants shall provide Class Counsel with (i) copies of all checks mailed to the Payees, and (ii) the date(s) of such mailing.

       8.5     Failure to Negotiate Checks

For any Named Plaintiff or Opt-In Class Members whose checks are not cashed within ninety (90) days of issuance or returned as undeliverable, no further settlement payments will be sent to that Opt-In Class Member, unless a corrected address is provided by Class Counsel. That amount will revert to Defendants.

## 9.    ATTORNEYS' FEES AND COSTS

       9.1.    The Defendants shall pay Class Counsel the amount set forth in Section 7.1.2 above as compensation for any and all attorneys' fees and costs incurred in connection with this case, this Settlement, and any appeal as approved by the Court.

       9.2.    Following Final Approval by the Court of this Settlement, including approval by the Court of Class Counsel's attorneys' fees and costs, the Defendants shall issue the payment to Class Counsel. As a condition precedent to receipt of this payment, Class Counsel shall provide Defendants with a completed IRS Form W-9. The Defendants shall issue Class Counsel an IRS Form 1099 for these payments.

## 10.    TAXATION

       10.1.    The payment made to each Named Plaintiff or Opt-In Class Member shall be treated as settlement of federal and state wage claims, with appropriate withholding of federal, state, and local income taxes, except for the retaliation claims, and the Named Plaintiffs' and Opt-In Class Members' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective settlement payments, and the Defendants shall issue an IRS form W-2 to each Named Plaintiff, Opt-In Class Member and Alleged or Tardy Opt-In Class Member for such payments. Hotel Defendants shall be responsible for paying from its own funds Federal Unemployment Tax

304228288v1 0999097

Act and the employer's share of FICA taxes on all applicable amounts paid to Opt-In Class Members. The Named Plaintiffs and Opt-In Class Members shall be responsible for their own shares of FICA.

10.2.    For all payments to the Named Plaintiffs and the Opt-In Class Members, IRS Form W-2s will be distributed at times and in the manner required by the Internal Revenue Code of 1986 (the "Code") and consistent with this Agreement.

10.3.    If the Code, the regulations promulgated thereunder, or other applicable tax law change after the date of this Agreement, the processes set forth in this section may be modified with the approval of the Court in a manner to bring Defendants into compliance with any such changes.

10.4.    With respect to the payments made to each Named Plaintiff and Opt-In Class Member pursuant to this Section, each recipient represents that they understand that it is their obligation to pay appropriate federal, state, and local income taxes, interest, penalties, or other amounts due on such payments and each shall indemnify the Defendants for his or her failure to pay those taxes for which they are individually responsible.

## 11.    MISCELLANEOUS PROVISIONS

11.1.    This Agreement shall be binding upon and inure to the benefit of the Parties and the Released Parties and their successors and assigns, and applies to the sale or other transfer of the business and ownership of the Hotel Defendants, including the sale of assets, in whole or in part, and regardless of whether the sale involves the continuation of a substantial number of the workers of the Hotel Defendant.

11.2.    The Agreement will be interpreted and enforced under the laws of the State of Illinois, without regard to its conflict of laws provisions, except where federal law applies. Any

304228288v1 0999097

claim regarding the enforcement of the Agreement will be resolved solely and exclusively in the U.S. District Court for the Central District of Illinois.

11.3.   The terms and conditions of this Agreement constitute the exclusive and final understanding and expression of all agreements among the Named Plaintiffs and the Opt-In Class Members and the Defendants with respect to the resolution of the Litigation. The Named Plaintiffs, on their own behalf and on behalf of the settlement class they represent, and Defendants accept entry of this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement.

11.4.   This Agreement may be executed in one or more actual, emailed or facsimile counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

11.5.   Each individual signing below warrants that she or he has the authority to execute this Agreement on behalf of the party for whom or which that individual signs. The failure of any one party to sign this Agreement will not affect the enforceability of this Agreement.

11.6.   The Parties acknowledge that they have been advised that this Collective Action Settlement Agreement contains a release of significant legal rights, and acknowledge that they have been represented by counsel throughout the mediation and negotiations of the resolution of the pled and unpled claims made or asserted against Defendants in this action or during settlement negotiations.  The Parties acknowledge that their respective attorneys have reviewed the Collective Action Settlement Agreement and its accompanying exhibits and documents, and each of the Parties confirms that their respective attorneys have advised them fully with regard to the meaning of the Collective Action Settlement Agreement and its accompanying exhibits and documents.  Each of the Parties also confirms that they have each read this Collective Action

304228288v1 0999097

Settlement Agreement and its accompanying exhibits and documents and fully understand all of their terms.

11.7.    As the release of the Named Plaintiffs is a general and complete release, and includes a release of age discrimination claims, each of them is advised they have 21 days to consider the terms of this Settlement Agreement and also have 7 days after they sign the Settlement Agreement to only rescind their release of age discrimination claims.  The Named Plaintiffs acknowledge that they have exercised their right to have counsel review this Settlement Agreement and the Named Plaintiffs represent that they have been represented by counsel throughout the negotiation of this Settlement Agreement.

11.8.    Should any term of provision of this Settlement Agreement and its attached exhibits and documents be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement and its attached exhibits and documents in full force and effect.  The language of all parts of this Settlement Agreement will in all cases be construed as a whole, according to its fair meaning, and shall not be construed strictly for or against any of the Parties.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

304228288v1 0999097

**IN WITNESS WHEREOF**, the Defendants and the Named Plaintiffs have caused this Agreement to be duly executed, all as of the day and year written.

**DEFENDANTS:**                           **NAMED PLAINTIFFS:**

B&W Investment Properties, LLC, doing     April Brashier
business as Holiday Apartments, Springfield
Welcome Inn                               _____

By:_____       Richard Orencia

                                          _____

Quincy Property LLC, doing business as    Chad LeBow
"Welcome Inn Hotel" and Welcome Inn Hotel
Management, Inc., and Vandiver Motel, doing  _____
business as Welcome Inn Columbia, Welcome
Inn Columbia, Jefferson Property, doing
business as Extended Stay by Welcome Inn,
County Line Properties I LLC., doing business
as Welcome Inn American Motels LLC, doing
business as Welcome Inn

By:_____

Brett Burge

_____

Kenneth Logan

_____

Quentin Kearney

_____

Joe Wimberly

_____

16

304228288v1 0999097

**EXHIBIT A**

**List of Named Plaintiffs and Opt-Class Members and Settlement Amount**

304228288v1 0999097

**APRIL BRASHIER**
**RICHARD ORENCIA**
**CHAD LEBOW**

## EXHIBIT B

**Settlement Claim Form for Named Plaintiffs**

I, _____, am a Named Plaintiff, and have been provided a copy of the Collective Action Settlement Agreement, have had an opportunity to review its terms (including the obligations imposed upon me) and have had an opportunity to discuss its terms with Plaintiffs' Counsel.

In consideration for the payment to me reflected on Exhibit A to the Collective Action Settlement Agreement, I have agreed to provide a general and complete release for any and all claims which I have against the Defendants. I further agree to the Covenant Not to Sue with respect to those claims as set forth in Section 5.5 of the Agreement.

On my behalf, and on behalf of my heirs, legatees, personal representatives and assigns, I hereby release and discharge the Released Parties from any and all actions, claims, charges, complaints, demands, liens, liabilities, obligations, fees, or suits of any kind, whether known or unknown, which I have, had or may have arising from my employment with the Defendants or termination from the Defendants, from the beginning of time through the Effective Date of this Agreement. Without limiting the generality of the foregoing, this release includes: (i) any claims or allegations asserting wrongful termination, discrimination, harassment or retaliation under any federal, state and local law or ordinance; (ii)  all claims for unpaid wages or compensation of all categories and types, including for salary, regular hourly wage compensation, overtime hourly compensation, reimbursement of employment related expenses, penalties, prejudgment interest, post-judgment interest, exemplary or punitive damages, and any form of common law or statutory

18

3:17-cv-03022-CSB-EIL    # 187-2    Filed: 10/29/19    Page 19 of 37

remedies; (iii) all claims under the FLSA, 29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., Missouri wage laws, including but not limited to the Missouri Minimum Wage Statutes, RSMo 290.500-290.530 and the Missouri Minimum Wage and Overtime laws, 8 CSR 30-4.010-4.050, and the general Missouri Wages, Hours and Dismissal laws codified at RSMo 290.010 - 290.152, and the Missouri laws on wages paid to Female Employees codified at RS Mo 290.400-290.460, (iv) all other federal and state employments laws, including, but not limited to, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., Section 1981, the Age Discrimination in Employment Act, 29 U.S.C. §§621 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq., the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, et seq., the National Labor Relations Act as amended, 29 U.S.C. §§ 151, et seq., the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 et seq., and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, et seq.; the Missouri Human Rights Law, Mo. Rev. Stat. 213.010 et seq.; and (v) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and all other claims of any type under the common law of any state, whether in tort, contract or otherwise.

I further represent that I am aware of no other facts or documents which would establish claims for wages or expenses that I have not disclosed to Class Counsel during the course of this Litigation and the settlement or that is not fully satisfied by the payment to me under Exhibit A.

304228288v1 0999097

**Medicare Information**

The parties intend to comply with the Medicare Secondary Payer Act (42 U.S.C. §1395y) and to protect Medicare's interests, if any, in this settlement. Plaintiff understands and agrees that as used herein, the term "Medicare" includes Medicare Part A (Hospital Insurance), Medicare Part B (Medical Insurance), Medicare Part C (Medicare Advantage Organizations) and Medicare Part D (Prescription Drug Insurance). Plaintiff has not been identified as Medicare recipient and Plaintiff hereby expressly represents and warrants that Medicare has not made any payments to or on Plaintiff's behalf as a result of or in any way related to the injuries alleged in the Claim.

Plaintiff acknowledges, however, that if Plaintiff received benefits that have or may have been paid by an insuring entity affording benefits payable for medical care and/or treatment, as further consideration and inducement for this settlement, Plaintiff agrees to defend, indemnify, protect and hold harmless Defendants from any and all liens, rights of subrogation, indemnification claims, contribution claims, defense claims, losses, liability, actions, damages, causes of action, judgments, costs and expenses, including attorneys' fees, whatsoever made by or sustained by or arising  from any person, corporation, partnership, state or federal government, governmental agency, hospital, or any other medical provider, health care provider, disability or insurance benefits providers, workers compensation carrier, Medicare, Medicaid, or any other entity arising in whole or in part out of the care and treatment, or in any way connected to the care and treatment, provided to Plaintiff for the injury/injuries alleged in the Claim.

In addition to the Release and Discharge set forth above and in consideration of the payments set forth in this Agreement, Plaintiff hereby waives any cause of action and/or Private Cause of Action under 42 US Code §1395y (b)(3)(A), and releases and forever discharges Defendants from any obligations, from any claim, known or unknown, arising out of the failure of

20

Defendants to provide for a primary payment or appropriate reimbursement pursuant to 42 US Code §1395y (b)(3)A).

Plaintiff agrees to indemnify, defend and hold harmless Defendants for any claim, loss or payment Defendants may suffer, including judgments, verdicts, awards, penalties, attorney's fees and costs, that arises out of the failure to pay any unpaid medical bills or future medical expenses, or to otherwise fail to protect Medicare's interests under the MSP Act which exceed the amounts set forth in the final letters issued by these agencies. Plaintiff agrees by this Agreement to waive any claims for damages, indemnification and/or contribution from any causes of action of any kind or nature, including but not limited to a private cause of action provided in the Medicare Secondary Payer (MSP) Act, 42 U.S.C. Section 1395y(b)(3)(A), in connection with or arising as a result of the medical care and treatment rendered to Plaintiff regarding the injuries alleged in the Claim.

It is understood and agreed that Plaintiff will provide Defendants all of the information noted below and all information required for Defendants to properly report this claim to Medicare pursuant to 42 U.S.C. 1395y(b)(8). Plaintiff further agrees that Defendants will provide the information below and all information required under 42 U.S.C. 1395y(b)(8) to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

Full Name as it appears on your
Social Security Card

_____

Social Security Number

_____

21

304228288v1 0999097

Address                                              Date of Birth

_____                    _____

_____

Medicare Health Insurance Claim                      Gender
Number (HICN)

_____                    _____

_____
PLAINTIFF signature

STATE OF _____
COUNTY OF _____

On the _____ day of _____, 2019, before me personally appeared _____ to me known to be the person(s) named herein and who executed the foregoing Release and _____ acknowledged to me that _____ voluntarily executed the same.

My term expires _____, 20\_\_\_.
_____
Notary Public

**I further represent that I have twenty one (21) days to consider the terms of this Agreement, and that I will have seven (7) days to only rescind my agreement to release age**

304228288v1 0999097

discrimination claims. I acknowledge that I have the right to consult counsel, and I represent that I have been represented by counsel throughout the resolution of this dispute and negotiation of this Collective Action Settlement Agreement.

I HAVE READ, UNDERSTOOD AND HAVE EXECUTED THIS SETTLEMENT CLAIM FORM AS MY FREE, INFORMED AND VOLUNTARY ACT AS OF THE DATE SET FORTH BELOW.


_____
    Printed Name


_____
    Signature


_____
    Date

304228288v1 0999097

**NOTE: FOR ALL OPT-IN PLAINTIFFS
WAGE AND HOUR CLAIMS
EXCEPT SONYA GARRETT**

## EXHIBIT C

**Settlement Claim Form for Opt-In Plaintiffs with Only Wage and Hour Claims**

I, _____, am an Opt-In Class Member, and have been provided a copy of the Collective Action Settlement Agreement, have had an opportunity to review its terms (including the obligations imposed upon me) and have had an opportunity to discuss its terms with Plaintiffs' Counsel.

In consideration for the payment to me reflected on Exhibit A to the Collective Action Settlement Agreement, I have agreed to provide a limited release which does include any wage and hour claim under federal and state law which I have against the Defendants. I further agree to the Covenant Not to Sue with respect to those claims as set forth in Section 5.5 of the Agreement.

On my behalf, and on behalf of my heirs, legatees, personal representatives and assigns, I hereby release and discharge the Released Parties (as defined in the Collective Action Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, or suits of any kind, whether known or unknown, which I have, had, or may have arising from all claims under the FLSA, 29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., Missouri wage laws, including but not limited to the Missouri Minimum Wage Statutes, RSMo 290.500-290.530 and the Missouri Minimum Wage and Overtime laws, 8 CSR 30-4.010-4.050, and the general Missouri Wages, Hours, and Dismissal laws codified at RSMo 290.010-290.152, and the Missouri laws on payment of wages to Female Employees codified at RSMo 290.400-290.460.

304228288v1 0999097

I further represent that I am aware of no other facts or documents which would establish claims for wages or expenses that I have not disclosed to Plaintiffs' Counsel during the course of this Litigation and the settlement or that is not fully satisfied by the payment to me under Exhibit A.

Finally, I represent that I am not Medicare eligible and have signed the Affidavit of Medicare Non-Eligibility attached.

304228288v1 0999097

## **AFFIDAVIT OF MEDICARE NON-ELIGIBILITY**

1.    I, _____, am over the age of eighteen (18) and am competent to be a witness in this matter. I have personal knowledge of the facts set forth herein.

2.    I understand that in reaching a settlement, the parties have considered Medicare's interest in recovering conditional payment made for medical treatment rendered as a result of the claim that is the subject of this agreement.

3.    I understand that if I am a Medicare beneficiary and I do not provide the requested information, including a Medicare Health Insurance Claim Number, I may be violating obligations as a beneficiary to assist Medicare in coordinating benefits to pay my claim(s) correctly and promptly.

4.    I hereby make the following representations and warranties in affirming that I am not eligible for Medicare:

    a.    I have not applied for Medicare benefits.

    b.    Medicare has made no conditional payments for any medical expense or prescription expense related to the claim incident/injury.

    c.    To the best of my knowledge and belief, there are no Medicare, Medicaid, Social Security, hospital, medical insurance coverage subrogation claims or any and all other type of liens which could be claimed from the settlement payment;

    d.    I am not, nor have I ever been a Medicare beneficiary.

    e.    I am not currently eligible for Medicare benefits.

    f.    I am not currently receiving Social Security Disability benefits and have not received Social Security benefits for the last 24 months.

304228288v1 0999097

g.      I have not applied for Social Security Disability benefits.

h.      I have not been denied Social Security Disability benefits; nor have I appealed from a denial of Social Security Disability benefits.

i.      I do not have End Stage Renal Disease (ESRD).

j.      I have not been diagnosed with Amyotrophic Lateral Sclerosis (ALS), also known as Lou Gehrig's Disease.

5.     Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, I attest to the above information as being accurate:

Full Name as it appears on your       Social Security Number
Social Security Card

_____       _____

Address                          Date of Birth

_____       _____

_____

Medicare Health Insurance Claim       Gender
Number (HICN)

_____       _____

_____

PLAINTIFF signature

304228288v1 0999097

It is understood and agreed that the information provided above will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of this affidavit are true.

STATE OF _____
COUNTY OF _____

      On the _____ day of _____, 2019, before me personally appeared _____ to me known to be the person(s) named herein and who executed the foregoing Release and _____ acknowledged to me that _____ voluntarily executed the same.

My term expires _____, 20___.
_____
Notary Public

      **I HAVE READ, UNDERSTOOD AND HAVE EXECUTED THIS SETTLEMENT CLAIM FORM AS MY FREE, INFORMED AND VOLUNTARY ACT AS OF THE DATE SET FORTH BELOW.**

_____
      Printed Name

_____
      Signature

_____
      Date

304228288v1 0999097

SONYA GARRETT - ONLY

## EXHIBIT C-1

**Settlement Claim Form for Opt-In Plaintiffs with Only Wage and Hour Claims**

I, <u>SONYA GARRETT</u>, am an Opt-In Class Member, and have been provided a copy of the Collective Action Settlement Agreement, have had an opportunity to review its terms (including the obligations imposed upon me) and have had an opportunity to discuss its terms with Plaintiffs' Counsel.

In consideration for the payment to me reflected on Exhibit A to the Collective Action Settlement Agreement, I have agreed to provide a limited release which does include any wage and hour claim under federal and state law which I have against the Defendants. I further agree to the Covenant Not to Sue with respect to those claims as set forth in Section 5.5 of the Agreement.

On my behalf, and on behalf of my heirs, legatees, personal representatives and assigns, I hereby release and discharge the Released Parties (as defined in the Collective Action Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, or suits of any kind, whether known or unknown, which I have, had, or may have arising from all claims under the FLSA, 29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., Missouri wage laws, including but not limited to the Missouri Minimum Wage Statutes, RSMo 290.500-290.530 and the Missouri Minimum Wage and Overtime laws, 8 CSR 30-4.010-4.050, and the general Missouri Wages, Hours, and Dismissal laws codified at RSMo 290.010-290.152, and the Missouri laws on payment of wages to Female Employees codified at RSMo 290.400-290.460.

I further represent that I am aware of no other facts or documents which would establish claims for wages or expenses that I have not disclosed to Plaintiffs' Counsel during the course of this

304228288v1 0999097

Litigation and the settlement or that is not fully satisfied by the payment to me under Exhibit A.

## **Medicare Information**

The parties intend to comply with the Medicare Secondary Payer statute (42 U.S.C. §1395y) and to protect Medicare's interests, if any, in this settlement. Plaintiff understands and agrees that as used herein, the term "Medicare" includes Medicare Part A (Hospital Insurance), Medicare Part B (Medical Insurance), Medicare Part C (Medicare Advantage Organizations) and Medicare Part D (Prescription Drug Insurance). Plaintiff has been identified as a Medicare beneficiary. Plaintiff agrees that an inquiry has been made with all interested Medicare plans to determine the amount of any claim related Medicare conditional payments that have been made by Medicare, if any, and the amount requiring repayment for all Medicare liens.

While there have been no allegations of physical or emotional injury, nor treatment for the same, Plaintiff acknowledges and agrees that should Plaintiff seek any future treatment for injuries related to this Claim those medical costs will not be submitted for payment to Medicare in contravention of the Medicare Secondary Payer statute. In the event that any future medical bills relating to care or treatment of injuries or conditions sustained by Plaintiff as a result of the Claim are submitted to Medicare, Plaintiff understands and agrees that Defendants shall not be responsible for any liens asserted by Medicare, or Medicare's recovery agent relating to any injuries sustained in the Claim by Plaintiff.

In addition to the Release and Discharge set forth above, in consideration of the payments set forth in this Agreement, Plaintiff hereby waives Plaintiff's 42 US Code §1395y (b)(3)(A) cause of action and/or Private Cause of Action, and releases and forever discharges Defendants from any obligations, from any claim, known or unknown, arising out of the failure of Defendants to provide for a primary payment or appropriate reimbursement pursuant to 42 US Code §1395y (b)(3)A).

304228288v1 0999097

Plaintiff agrees to indemnify, defend and hold the Defendants harmless for any claim, loss or payment Defendants may suffer, including judgments, verdicts, awards, penalties, attorney's fees and costs, that arises out of the failure to pay any unpaid medical bills or future medical expenses, or to otherwise fail to protect Medicare's interests under the MSP Act. Plaintiff agrees and by this Agreement waives any claims for damages, indemnification and/or contribution from any causes of action of any kind or nature, including but not limited to a private cause of action provided in the Medicare Secondary Payer (MSP) Act, 42 U.S.C. Section 1395y(b)(3)(A), in connection with or arising as a result of the medical care and treatment rendered to Plaintiff regarding the injury alleged in the Claim.

STATE OF _____
COUNTY OF _____

On the _____ day of _____, 2019, before me personally appeared _____ to me known to be the person(s) named herein and who executed the foregoing Release and _____ acknowledged to me that _____ voluntarily executed the same.

My term expires _____, 20___.
_____
Notary Public

**I HAVE READ, UNDERSTOOD AND HAVE EXECUTED THIS SETTLEMENT CLAIM FORM AS MY FREE, INFORMED AND VOLUNTARY ACT AS OF THE DATE SET FORTH BELOW.**

_____
        Printed Name

31

304228288v1 0999097

_____
Signature


_____
Date


**BRITNII GEORGE**
**DEBRA SCHOEN**
**TERRY MILNER**

304228288v1 0999097

**EXHIBIT D**

**Settlement Claim Form for George, Milner and Schoen**

I, _____, am an Opt-In Class Member with a retaliation claim, and have been provided a copy of the Collective Action Settlement Agreement, have had an opportunity to review its terms (including the obligations imposed upon me) and have had an opportunity to discuss its terms with Plaintiffs' Counsel.

In consideration for the payment to me reflected on Exhibit A to the Collective Action Settlement Agreement, I have agreed to provide a limited release which does include any wage and hour and retaliation claims under federal and state law which I have against the Defendants. I further agree to the Covenant Not to Sue with respect to those claims as set forth in Section 5.5 of the Agreement.

On my behalf, and on behalf of my heirs, legatees, personal representatives and assigns, I hereby release and discharge the Released Parties (as defined in the Collective Action Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, or suits of any kind, whether known or unknown, which I have, had, or may have arising from all claims under the FLSA, 29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., Missouri wage laws, including but not limited to the Missouri Minimum Wage Statutes, RSMo 290.500-290.530 and the Missouri Minimum Wage and Overtime laws, 8 CSR 30-4.010-4.050, and the general Missouri Wages, Hours, and Dismissal laws codified at RSMo 290.010-290.152, and the Missouri laws on payment of wages to Female Employees codified at RSMo 290.400-290.460 and for any retaliation claims I might have arising under the aforementioned statutes or any other state or federal law.

I further represent that I am aware of no other facts or documents which would establish claims for wages or expenses that I have not disclosed to Plaintiffs' Counsel during the course of

this Litigation and the settlement or that is not fully satisfied by the payment to me under Exhibit A.

**Medicare Information**

The parties intend to comply with the Medicare Secondary Payer Act (42 U.S.C. §1395y) and to protect Medicare's interests, if any, in this settlement. Plaintiff understands and agrees that as used herein, the term "Medicare" includes Medicare Part A (Hospital Insurance), Medicare Part B (Medical Insurance), Medicare Part C (Medicare Advantage Organizations) and Medicare Part D (Prescription Drug Insurance). Plaintiff has not been identified as Medicare recipient and Plaintiff hereby expressly represents and warrants that Medicare has not made any payments to or on Plaintiff's behalf as a result of or in any way related to the injuries alleged in the Claim.

Plaintiff acknowledges, however, that if Plaintiff received benefits that have or may have been paid by an insuring entity affording benefits payable for medical care and/or treatment, as further consideration and inducement for this settlement, Plaintiff agrees to defend, indemnify, protect and hold harmless Defendants from any and all liens, rights of subrogation, indemnification claims, contribution claims, defense claims, losses, liability, actions, damages, causes of action, judgments, costs and expenses, including attorneys' fees, whatsoever made by or sustained by or arising  from any person, corporation, partnership, state or federal government, governmental agency, hospital, or any other medical provider, health care provider, disability or insurance benefits providers, workers compensation carrier, Medicare, Medicaid, or any other entity arising in whole or in part out of the care and treatment, or in any way connected to the care and treatment, provided to Plaintiff for the injury/injuries alleged in the Claim.

In addition to the Release and Discharge set forth above and in consideration of the payments set forth in this Agreement, Plaintiff hereby waives any cause of action and/or Private

304228288v1 0999097

Cause of Action under 42 US Code §1395y (b)(3)(A), and releases and forever discharges Defendants from any obligations, from any claim, known or unknown, arising out of the failure of Defendants to provide for a primary payment or appropriate reimbursement pursuant to 42 US Code §1395y (b)(3)A).

Plaintiff agrees to indemnify, defend and hold harmless Defendants for any claim, loss or payment Defendants may suffer, including judgments, verdicts, awards, penalties, attorney's fees and costs, that arises out of the failure to pay any unpaid medical bills or future medical expenses, or to otherwise fail to protect Medicare's interests under the MSP Act which exceed the amounts set forth in the final letters issued by these agencies. Plaintiff agrees by this Agreement to waive any claims for damages, indemnification and/or contribution from any causes of action of any kind or nature, including but not limited to a private cause of action provided in the Medicare Secondary Payer (MSP) Act, 42 U.S.C. Section 1395y(b)(3)(A), in connection with or arising as a result of the medical care and treatment rendered to Plaintiff regarding the injuries alleged in the Claim.

It is understood and agreed that Plaintiff will provide Defendants all of the information noted below and all information required for Defendants to properly report this claim to Medicare pursuant to 42 U.S.C. 1395y(b)(8). Plaintiff further agrees that Defendants will provide the information below and all information required under 42 U.S.C. 1395y(b)(8) to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

Full Name as it appears on your
Social Security Card                          Social Security Number
_____          _____

Address                                          Date of Birth
_____          _____

35

304228288v1 0999097

_____

Medicare Health Insurance Claim                    Gender
Number (HICN)

_____                    _____


_____

PLAINTIFF signature


STATE OF _____
COUNTY OF _____


        On the _____ day of _____, 2019, before me personally
appeared _____ to me
known to be the person(s) named herein and who executed the foregoing Release and
_____ acknowledged to me that _____ voluntarily
executed the same.


My term expires _____, 20\_\_\_.
_____
Notary Public


**I further represent that I have twenty one (21) days to consider the terms of this Agreement, and that I will have seven (7) days to only rescind my agreement to release age discrimination claims. I acknowledge that I have the right to consult counsel, and I represent that I have been represented by counsel throughout the resolution of this dispute and negotiation of this Collective Action Settlement Agreement.**

304228288v1 0999097

   **I HAVE READ, UNDERSTOOD AND HAVE EXECUTED THIS SETTLEMENT CLAIM FORM AS MY FREE, INFORMED AND VOLUNTARY ACT AS OF THE DATE SET FORTH BELOW.**

_____
     Printed Name

_____
     Signature

_____
     Date

304228288v1 0999097