## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **APRIL R. BRASHIER et al.,** | |
| **Plaintiffs,** | |
| v. | Case No. 17-3022 |
| **QUINCY PROPERTY LLC, et al.** | |
| **Defendants.** | |

### REPORT AND RECOMMENDATION

On October 29, 2019, Plaintiff filed an Unopposed Motion for Approval of Settlement (#187). The Motion asks the Court to approve the settlement with Defendants and Plaintiffs, resolving all claims against them in this case. All parties to the litigation approved the instant Motion.

Plaintiffs' Amended Complaint alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and breached a contract for employment. There are a total of thirty-three combined named Plaintiffs and Consent Plaintiffs.

This agreement comes after months of settlement negotiations. The Court held a first Settlement Conference on February 22, 2019. After a full day of negotiations, the Court continued the matter to April 8, 2019. The parties again negotiated in person with the Court on April 8, 2019. The parties did not reach a settlement, but continued to engage in phone negotiations facilitated by the Court through July 2019. Finally, in August 2019, the parties reached a final settlement agreement.

Under the agreement, total payment to the thirty-three Plaintiffs will be $383,825.17. Defendants also agreed to pay Plaintiffs' counsel fees and costs in the amount of $202,500.00. The parties agreed that the amount paid to Plaintiffs' counsel is in addition to and does not reduce the amount paid to Plaintiffs.

The parties ask the Court to approve the FLSA settlement.[1] "A district court should approve an FLSA collective action settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties." *Soto v. Wings 'R Us Romeoville, Inc.*, 2018 WL 1875296, *1 (N.D. Ill. Apr. 16, 2018).

First, there is no doubt that the settlement was reached as a result of contested litigation. This case has been pending for more than three years. Prior to engaging in settlement negotiations, the parties engaged in significant motion practice. Most noteworthy, to reach a settlement in this case, the parties engaged in two full-day settlement conferences and numerous phone negotiations over the course of six months. Accordingly, the Court finds that the proposed settlement was reach as a result of contested litigation.

Second, the proposed settlement is a fair and reasonable resolution of a *bona fide* dispute between the parties. To determine whether a settlement is "fair and reasonable," courts often analyze the following factors:

> (1) whether the parties fairly and honestly negotiated the settlement; (2) if serious questions of law and fact existed that placed the ultimate outcome of the litigation in doubt; (3) does the value of immediate settlement outweigh the mere possibility of future relief after protracted litigation; and (4) in the judgment of the parties, is the settlement fair and reasonable.

*Id*.

The Court finds that each of these factors has been met. The parties fairly and honestly negotiated the settlement, as shown by months of ongoing negotiations. The outcome of the litigation was also uncertain, for both liability and damages. As to the third factor, each Plaintiff will receive a considerable sum with this agreement. The $383,825.17 will be distributed among thirty-three Plaintiffs as agreed. None of the Plaintiff's award amount will be reduced for attorney fees. The amount of attorneys' fees is also reasonable as it compensates Plaintiffs' counsel for three years of extensive

---

[1] It is unclear whether settlement approval of FLSA claims is required in the Seventh Circuit, but because the parties present the joint motion, the Court will consider it. *See Neill v. Midwest Tankermen, Inc.*, 2019 WL 2213858, *1 (N.D. Ill. May 10, 2019)

litigation and negotiations, while representing numerous Plaintiffs. Plaintiffs' counsel represents that they have greatly reduced the fees and costs actually incurred. Finally, the parties jointly agree that the settlement is fair and reasonable.

For these reasons, the Court finds that the parties' settlement was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties, and recommends that the Motion to Approve Settlement (#187) be GRANTED.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). If the parties do not object to this recommendation, they may at any time file a notice of no objection with the Court to expedite the District Judge's ruling.

ENTERED this 1st day of November, 2019.

                                                              s/ERIC I. LONG
                                          UNITED STATES MAGISTRATE JUDGE